OPINION
Plaintiff-appellant Jonathan E. Frailey appeals the April 14, 2000 Judgment Entry, which journalized the trial court's March 20, 2000 Decision on [Appellant's] Motion to Rescind, and the April 14, 2000 Entry, which denied appellant's Civ.R. 60 motion for relief from judgment, entered by the Licking County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Melissa A. Frailey.
 STATEMENT OF THE FACTS AND CASE
On February 5, 1998, appellant filed a complaint for separation in the Licking County Court of Common Pleas, Domestic Relations Division. Appellant filed a motion for a reconciliation the following day. Appellee filed a timely answer and counterclaim for divorce. Appellant and appellee ultimately reached a settlement and executed a Settlement Memorandum on November 16, 1999. The trial court approved and filed the Settlement Memorandum on November 17, 1999. Pursuant to the Settlement Memorandum, counsel for appellee prepared the divorce and shared parenting decrees. When appellant subsequently received and reviewed the copies of appellee's proposed decrees, appellant noticed said proposals contained substantive modifications and changes to the Settlement Memorandum. Specifically, appellee's proposals not only contained additions to which he had not agreed, but also omitted terms and conditions to which he had agreed. On February 4, 2000, appellant filed Objections to [Appellee's] Submitted Shared Parenting Plan and Motion to Rescind Said Plan. In his memorandum in support, appellant apprized the trial court of the unilateral changes made by appellee. Appellee filed a Memorandum Contra on February 9, 2000. Prior to ruling on appellant's objections, the trial court approved and filed the Agreed Judgment Entry/Decree of Divorce; Shared Parenting Decree; and Shared Parenting Plan on February 16, 2000. Thereafter, on March 1, 2000, appellant filed a Civ.R. 60(B) motion for relief from judgment. On March 3, 2000, appellant filed a Notice of Appeal from the February 16, 2000 Agreed Judgment Entry/Decree of Divorce and Shared Parenting Decree. Prior to this Court's ruling on appellant's appeal, the trial court entered its Decision on [Appellant's] Motion to Rescind Entry and Shared Parenting Plan on March 20, 2000, and a Judgment Entry relative to that decision on April 14, 2000. Also, on April 14, 2000, the trial court filed an Entry, denying appellant's Civ.R.60(B) motion. This Court issued a Judgment Entry and Memorandum of Opinion on June 1, 2000, in which we vacated the trial court's February 16, 2000 Agreed Judgment/Decree of Divorce and Shared Parenting Decree and remanded the matter to the trial court to reenter final judgment in accordance with the parties' Settlement Memorandum. It is from the entries filed April 14, 2000, appellant appeals, raising the following as error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED A DECISION AND SUBSEQUENT JUDGMENT ENTRY ON A PRE-FINAL JUDGMENT MOTION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED ON AN OHIO CIVIL RULE 60(B) MOTION AFTER AN APPEAL HAD BEEN FILED.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal.
The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I, II
Because both of appellant's assignment of error challenge the trial court's jurisdiction subsequent to appellant's filing of a Notice of Appeal, we shall address said assignments of error together. The general rule is once an appeal is perfected, the trial court loses jurisdiction except to take action in aid of appeal. McAuley v. Smith (1998), 82 Ohio St.3d 393, 395. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146. An attempt by the trial court to vacate or modify the substantive provisions of a judgment under appeal is directly inconsistent with the appellate court's jurisdiction in the case because it impairs the ability of the appellate court to decide the issue on appeal. State v. Manson (1996), 113 Ohio App.3d 141, 143. As stated supra, the trial court entered its April 14, 2000 Judgment Entry, journalizing its March 20, 2000 Decision on [Appellant's] Motion to Rescind Entry and Shared Parenting Plan, and its April 14, 2000 Entry, denying appellant's Civ.R. 60(B) motion after appellant filed his Notice of Appeal. We find these entries were inconsistent with this Court's jurisdiction to reverse, modify, or affirm the February 16, 2000 Agreed Judgment Entry/Decree of Divorce and Shared Parenting Decree. Accordingly, the trial court lacked jurisdiction to render the April 14, 2000 entries. Appellant's first and second assignments of error are sustained. The trial court's April 14, 2000 Judgment Entry and April 14, 2000 Entry are vacated.