The State of Ohio, Appellee, *v.* Bogan, Appellant.

[Cite as State v. Bogan (1976), 50 Ohio App. 2d 60.]

(No. C-75469—Decided June 28, 1976.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman,* prosecuting attorney, and *Mr. Dennis S. Helmick,* for appellee.

*Mr. H. Fred Hoefle,* for appellant.

Whiteside, J. Defendant appeals from a judgment of the Hamilton County Municipal Court finding him guilty of the charge of aggravated menacing, a violation of R. C. 2903.21, and imposing a sentence of imprisonment for 100 days and a fine of $500 following defendant's plea of no contest to the charge. Defendant raises a single assignment of error, as follows:

"The trial court erred in accepting appellant's plea of no contest without first addressing appellant personally and informing him of the effect of the plea of no contest, and in failing to determine that appellant was making the plea voluntarily."

Defendant contends that the trial court should have complied with Crim. R. 11(D), which provides:

"Misdemeanor cases involving serious offenses. In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right."

R. C. 2903.21(B) provides that the crime of aggravated menacing is a misdemeanor of the first degree. Pursuant to R. C. 2929.21, the punishment that may be imposed for a misdemeanor of the first degree is imprisonment for a term not more than six months and a fine of not more than $1,000. Defendant contends that, since the first degree misdemeanor is the most serious of the misdemeanors under the new criminal code, it must be considered a serious misdemeanor within the contemplation of Crim. R. 11(D). This argument has much logical appeal and would necessarily be the result unless the Criminal Rules themselves otherwise provide. Crim. R. 2 does otherwise provide by defining "serious offense," as follows:

" 'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

In other words, pursuant to Crim. R. 2, the words "serious offense," as used in Crim. R. 11(D), include only those misdemeanors for which the penalty may include confinement for more than six months. Since the maximum penalty prescribed by law for the offense herein involved is

six months, by definition, it is not a serious offense. Rather, it is a petty offense, which Crim. R. 2 defines as "a misdemeanor other than a serious offense." As to petty offenses, Crim. R. 11(E) provides as follows:

"Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty. * * *"

Unfortunately, the record does not reflect compliance by the trial court with Crim. R. 11(E). It does, however, indicate that defendant orginally entered a not guilty plea on July 14, 1975, and changed his plea to no contest on July 25, 1975, at a hearing at which he was represented by retained counsel.

It will be noted that Crim. R. 11(C) and (D) require the court to address a defendant personally concerning a plea of no contest or guilty to felony and misdemeanor cases involving serious offenses. As to such offenses, there can be no proper entering of a no contest plea unless the trial court has addressed the defendant personally and complied with Crim. R. 11.

With respect to petty offenses, on the other hand, the trial court is not required to address the defendant personally. Rather, the trial court is required only to inform the defendant "of the effect of the plea of guilty, no contest, and not guilty."

With respect to petty offenses, where the defendant is represented by counsel, and the record does not affirmatively reflect whether or not the trial court complied with Crim. R. 11(E), a no contest plea is not void, but, at most, there has been error in the acceptance of the plea.

Accordingly, under circumstances involving petty offenses, where a defendant is represented by counsel, there must be some demonstration of prejudice to the defendant flowing from the failure of the trial court to inform him of the effect of the various possible pleas before the error can be considered prejudicial.

In this case, although there appears to be error, the

record not affirmatively showing compliance with Crim. R. 11(E), defendant has not demonstrated that he in any way was prejudiced by the trial court's error. There is nothing to indicate that defendant did not fully understand the effect of his plea, nor that he had not been fully advised thereof by counsel. Nor did counsel call the error to the attention of the trial court.

Accordingly, the assignment of error is overruled, and the judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

BUZZARD, P. J., and HOFSTETTER, J., concur.

WHITESIDE, J., of the Tenth Appellate District, and HOFSTETTER, J., of the Eleventh Appellate District, sitting by designation in the First Appellate District.

BUZZARD, P. J., retired, of the Court of Common Pleas of Columbiana County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the First Appellate District.