THE STATE OF OHIO, APPELLEE, *v.* HAYS ET AL., APPELLANTS.

(Nos. C-810607 and C-810608—Decided July 21, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman* and *Mr. John R. Andrews,* for appellee.

*Mr. R. Scott Croswell, III,* and *Ms. Elizabeth E. Agar,* for appellants.

*Per Curiam.* These consolidated causes came on to be heard upon appeals from the Hamilton County Municipal Court.

Defendants-appellants, Patrick and Ricky Hays, were originally charged with trafficking in marijuana, a felony, but negotiated a plea bargain to a charge of possession of marijuana in excess of one hundred grams, a misdemeanor. The court accepted pleas of no contest, proceeded to hear a statement of the facts and entered verdicts of guilty. Sentence was then entered as appears of record. Appeals were timely filed and the cases consolidated for disposition herein. Two assignments of error are presented on behalf of each defendant for review, challenging the procedure followed by the trial court in accepting the pleas and in sentencing defendants.

The first such assignment of error asserts that the trial court ignored the mandate of Crim. R. 11(E) in accepting the pleas of no contest without first informing defendants of the effect thereof.[1] The transcript of the proceedings confirms that no such explanation of the plea was offered by the court, a state of the case conceded by appellee. Indeed, the record is silent as to any colloquy then or thereafter between the court and these defendants. The state, however, points out that defendants were represented at the hearing by experienced trial counsel who participated in the plea bargain and, indeed, tendered the no contest pleas on behalf of defendants, and argues that no prejudice has been demonstrated by the failure of the trial court to comply with the rule. *State* v. *Bogan* (Hamilton App. 1976), 50 Ohio App. 2d 60 [4 O.O.3d 42], a decision by a visiting panel sitting by designation in the First District, is urged by appellee in support of this proposition, as well as a later decision in *State* v. *Latham* (May 16, 1979), Hamilton App. No. C-780461, unreported. The *Latham* case is, however, factually inapposite to the instant case since the trial court did, in fact, substantially comply with Crim. R. 11(E) in addressing that defendant and ascer-

---

[1] Crim. R. 11(E) provides:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

taining his understanding of the no contest plea. As to the *Bogan* decision, we conclude that to the extent that it stands for the principle sought by appellee it cannot be reconciled with recent directives from our superior court and thus must be overruled.

The present state of the rule, as we perceive it, was summarized by the Ohio Supreme Court in *State v. Billups* (1979), 57 Ohio St. 2d 31, 38 [11 O.O.3d 150], as follows:

"However, in *State v. Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52], 364 N.E.2d 1163, this court held that when a trial court fails to adhere in every respect to the dictates of Crim. R. 11, but the record reveals that the court has 'substantially complied' with the requirements of the Rule, absent a showing of prejudice to the rights of the defendant, the entered plea will not be set aside."

See, also, *State v. Ishmail* (1981), 67 Ohio St. 2d 16 [21 O.O.3d 10] and *State v. Ballard* (1981), 66 Ohio St. 2d 473 [20 O.O.3d 397].

The only role performed by a showing of prejudice is thus to override the presumption of regularity that a substantial (as opposed to a literal) compliance with the rule provides. This is a world apart from the rule sought by appellee that the accused must show prejudice where there was, as here, *no* compliance with the rule at all. In such case, prejudice must be presumed; and this would obtain, in our judgment, whether "experienced" counsel stood at the accused's elbow or not.

The first assignment of error is well-taken and is sustained.

The second assignment of error is conceded by appellee, consisting as it does of the failure of the trial court to comply with the mandatory provisions of Crim. R. 32(A)(1), which require that the accused be granted an opportunity to be heard in mitigation of punishment. See *Silsby v. State* (1928), 119 Ohio St. 314 and *State v. Black* (Apr. 25, 1979),

Hamilton App. No. C-780454, unreported. Accordingly, it is similarly sustained.

The judgments are reversed, and the causes are remanded to the trial court for further proceedings at the arraignment stage.

*Judgments reversed and causes remanded.*

SHANNON, P.J., PALMER and BLACK, JJ., concur.