The STATE of Ohio, Appellee,

v.

RICHARD, Appellant.

[Cite as *State v. Richard* (1996), 113 Ohio App.3d 141.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 31.

Decided June 26, 1996.

*J. Jeffrey Limbian,* City Prosecutor, and *Dennis J. Sarisky,* Assistant City Prosecutor, for appellee.

*Linda S. Martin,* for appellant.

O'NEILL, Presiding Judge.

The appellant appeared in the trial court on February 8, 1995 answering to charges of disorderly conduct and possession of drug paraphernalia and, apparently, some old charges of possession of marijuana and another charge of drug abuse paraphernalia. The appellant entered a plea of no contest. The judge stated:

"Show a waiver of counsel, plea of no contest. Attorney Corroto, I'll tell you what, we're going to set this for sentencing. Jim, would tomorrow or Friday be better?"

The appellant reappeared in the trial court on February 9, 1995.

The trial judge imposed a sentence of ninety days in jail with a fine of $750, "all of which will be suspended upon successful completion of the program at The Pregnant Women's Center, termination of the pregnancy and following all of the recommendations contained therein including tubal ligation."

A notice of appeal directed to this final judgment was filed in the trial court on February 10, 1995.

On March 7, 1995, the appellant reappeared in court with counsel, and the judge vacated the previous plea of no contest and the sentence.

As final judgment, the trial judge imposed a total sentence of one hundred twenty consecutive days but gave the appellant credit for days that she was in attendance at The Pregnant Women's Center, and forgave her the balance of days remaining. He set probation for a two-year period. He further required that the appellant continue drug and alcohol rehabilitation and, further, receive counseling from Planned Parenthood and follow any recommendations or requirements of the children's services board. The court further ordered that, during her probation, the appellant use some sort of birth control procedure, whether it be birth control medications or tubal ligation.

A notice of appeal was filed directed to this final judgment.

■ All proceedings in the trial court following the filing of the notice of appeal on February 10, 1995 were a nullity. When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal.

"[W]e have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895.

A trial court is without power to grant relief from a judgment after an appeal is taken, regardless of whether the motion for relief is made prior to or after the appeal is taken, except with the permission of the appellate court. *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 151, 574 N.E.2d 1142, 1144.

The judgment entry signed and filed by the trial judge, on March 7, 1995 is vacated.

During proceedings on February 8, 1995, the following colloquy took place between the trial judge and the appellant:

"THE COURT: * * * How do you plead to these charges?

"MS. RICHARD: No contest.

"THE COURT: Waive your right to counsel, waive your right to trial. Now, we appointed an attorney for you, are you waiving your right to counsel?

"MS. RICHARD: What's that?

"THE COURT: Well, we appointed an attorney for you back in December and by pleading no contest to these charges you're saying, 'Judge, do what you have to do, I don't want an attorney here'.

"MS. RICHARD: Are they misdemeanors?

"THE COURT: Yes. So are you waiving your right to counsel and pleading no contest, same thing?

"MS. RICHARD: Yes."

A violation of R.C. 2925.14(A)(12) is defined as a fourth degree misdemeanor with a maximum sentence of thirty days. As such, this violation may be classified as a petty offense.

Crim.R. 2(C) defines "serious offense" as "any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense."

Crim.R. 11(E) reads as follows:

"(E) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

■ At no point in the proceedings did the trial judge inform the defendant of the effect of her pleas of no contest.

A meaningful dialogue between the court and the defendant is required in misdemeanor cases with a possibility of imprisonment. *State v. Joseph* (1988), 44 Ohio App.3d 212, 213, 542 N.E.2d 690, 691. See, also, *State v. Mascaro* (1991), 81 Ohio App.3d 214, 216, 610 N.E.2d 1031, 1032.

*Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309, paragraph two of the syllabus states:

"Crim.R. 11(E) requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. A meaningful

dialogue between the court and the defendant is required whenever the possibility of incarceration exists."

In *State v. Hays* (1982), 2 Ohio App.3d 376, 2 OBR 434, 442 N.E.2d 127, the court of appeals held, by way of syllabus:

"Where a trial court in a misdemeanor offense case accepts a plea of no contest without first informing the defendant of the effect of such plea, as mandated by Crim.R. 11(E), and there is absolutely no compliance with the Rule, the error will be considered prejudicial * * *."

 We also take issue with the acceptance by the trial judge of the waiver of counsel by the defendant-appellant. The trial judge stated to the defendant-appellant:

"Well, we appointed an attorney for you back in December and by pleading no contest to these charges you're saying, 'Judge, do what you have to do, I don't want an attorney here.' "

This statement by the trial judge is a total misapplication of the law. A plea of no contest has nothing to do with waiver of counsel. We find the absence of an intelligent and voluntary waiver of counsel by the appellant and the absence of an intelligent dialogue on the part of the trial judge to have been prejudicial error.

 In both of these cases, this trial judge imposed conditions of probation which are beyond his reach. Tubal ligation and birth control are matters beyond what may be considered by the judiciary. These are matters for social workers or medical personnel.

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid." *State v. Livingston* (1976), 53 Ohio App.2d 195, 197, 7 O.O.3d 258, 259, 372 N.E.2d 1335, 1337.

The United States Supreme Court held in the case of *Doe v. Bolton* (1973), 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201, that, in addition to being unconstitutional, a restriction prohibiting the bearing of children is an unreasonable burden to place on an already pregnant woman.

In summation, it is our conclusion that the probation imposed by the trial judge had no relationship to the crime of which the offender was convicted, related to conduct which is not in itself criminal, and forbade conduct which is not reasonably related to the future criminality and does not serve the statutory ends of probation.

Accordingly, the probation imposed by the trial judge is found to have been erroneous.

In view of the fact that the plea of no contest was not accepted pursuant to the Criminal Rules, the judgment of the trial court is vacated, and this cause is remanded for further proceedings according to law.

*Judgment vacated*
*and cause remanded.*

GENE DONOFRIO and COX, JJ., concur.