OPINION
Defendant-appellant, Verna Brum, appeals her conviction in the East Liverpool Municipal Court for telephone harassment.
On January 20, 1999 Carolyn Wolfe filed a criminal complaint against appellant in East Liverpool Municipal Court. The complaint charged appellant with telephone harassment in violation of R.C. 2917.21 (A) (1), a misdemeanor of the first degree. Appellant was arraigned on March 22, 1999 and pled not guilty to the charge.
At a May 4, 1999 status conference, plaintiff-appellee, State of Ohio, represented by East Liverpool's Assistant Law Director, informed the court that a Crim.R. 11 plea agreement had been reached and that appellant would be changing her plea to no contest. Appellant's court-appointed counsel told the trial court that he had explained to appellant what a no contest plea meant. The judge immediately found appellant guilty without directly addressing appellant in any way. The court proceeded to sentence appellant to 180 days incarceration, 120 days suspended, 60 days credit for house arrest served, $150.00 fine plus costs and probation. The plea agreement included in the record does not indicate whether appellant pled guilty or no contest. The record contains a copy of appellant's written waiver of jury trial. On May 19, 1999 appellant filed this timely appeal.
Appellant's sole assignment of error states:
 "WHETHER OHIO CRIMINAL RULE 11, AND OHIO REVISED CODE §§ 2947.02-2937.07 [sic], WERE COMPLIED WITH IN ACCEPTING THE DEFENDANT'S, VERNA BRUM'S, NO CONTEST PLEA AND WHETHER THE PLEA WAS ENTERED KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY."
Appellant argues that in accepting her plea, the trial court failed to advise her of the effect of her plea as required by Crim.R. 11 (E). In addition, appellant claims that the trial court failed to inform her that she was waiving her Fifth and Sixth Amendment rights, and failed to explain the possible sentences appellant could have received. As such, appellant claims her pleas were not intelligently, knowingly, and voluntarily made.
Crim.R. 2 (D) defines "petty offense" as "a misdemeanor other than a serious offense." Crim.R. 2 (D) defines "serious offense" as "any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Appellant was charged with a violation of R.C.2917.21 (A) (1), telephone harassment, which is a misdemeanor of the first degree punishable by up to six months in jail. By the definitions stated above, appellant was charged with a petty offense and was therefore afforded the protections encompassed by Crim.R. 11 (E).
Crim. R. 11 (E) reads as follows:
 "(E) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
Crim.R. 11 (E) requires that a defendant have the effect of a plea explained to him before the court may accept a no contest plea. Garfield Heights v. Mancini (1997), 121 Ohio App.3d 155,157. Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. Id. at 156-157. A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment. State v. Richard (1996), 113 Ohio App.3d 141, 144. In addition, we have previously held that being advised as to the effect of a plea includes having the possible maximum or minimum sentences explained to the defendant. State v. Moore
(1996), 111 Ohio App.3d 833, 838.
In the instant case, there is nothing in the record or the transcript of proceedings to suggest that appellant was informed of the possible sentences she could face or of the rights she was waiving by entering her plea. The trial court did not direct any comment or question directly to appellant. The trial court did not explain the significance of pleading no contest, of waiving a jury trial, of the effect on appellate review of her case, of the right to speedy trial, or of any of the other rights affected by such a plea. Appellant's attorney stated to the trial court that he had explained the meaning of a no contest plea to her. (Tr. 4). However, this is not what Crim.R. 11 (E) requires and the trial court cannot rely on such a statement as a replacement for a meaningful dialogue between the court and the defendant.
Appellee argues that this cause is not now properly before this court since appellant failed to file a Crim.R. 32.1 Withdrawal of Plea Motion in the trial court. However, failure to substantially comply with the requirements of Crim.R. 11 is plain error. See State v. Hays (1982), 2 Ohio App.3d 376; Statev. Miller (Oct. 27, 1982), Hamilton App. Nos. C-810963, C-810964, unreported, 1982 WL 4794. This court has implicitly adhered to that notion on previous similar occasions. See Statev. Jones (Dec. 20, 1999), Mahoning App. No. 98 C.A. 165, unreported, 1999 WL 1279170; State v. Kicula (Sept. 28, 1999), Mahoning App. No. 97 CA 140, unreported, 1999 WL 783956.
In sum, the record on appeal fails to demonstrate that appellant's plea was voluntarily, knowingly, or intelligently made and that the trial court complied with Crim.R. 11 (E). Because appellant was not informed in any way as to the effect of entering her pleas of no contest, appellant's assignment of error has merit.
Accordingly, the judgment of the trial court is hereby reversed, the plea set aside, and this cause is remanded for further proceedings according to law and consistent with this opinion.
Cox, J., concurs; see concurring opinion, Waite, J., concurs.
 _____________________ Gene Donofrio, Judge