OPINION
Defendant-appellant Sandra Atkins appeals from the judgment of the East Liverpool Municipal Court which found her guilty of telephone harassment after accepting her plea of no contest to said offense. Appellant contends that the court failed to comply with Crim.R. 11(E) at the plea hearing. For the following reasons, the trial court's judgment is reversed and this case is remanded.
In March 1999, appellant was charged with telephone harassment, a first degree misdemeanor in violation of R.C. 2917.21(A)(1). On May 4, 1999, appellant appeared with counsel for a status hearing. That day, appellant pled no contest to the charged offense. Appellant was then sentenced to a suspended sentence of incarceration, thirty days of house arrest and two years of supervised probation. She was also fined $100. This appeal followed.[1]
Initially, the state contends that this appeal must be dismissed because appellant failed to file a Crim.R. 32.1 motion to withdraw her plea. Nonetheless, a defendant may, but need not, file a motion to withdraw her plea before appealing a Crim.R. 11 violation. State v.Wilson (Dec. 27, 1996), Clark App. No. 95 CA 95, unreported, 1; State v.Schellenger (Sept. 27, 1999), Clark App. No. 95 CA 91, unreported, 4. See, also, Douglas v. Mooney (1999), 85 Ohio St.3d 348, 349 (stating, "the issue of whether [a defendant] made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus"). Therefore, we shall proceed on the merits of the appeal.
Appellant's sole assignment of error alleges that her plea was not knowingly, intelligently and voluntarily entered and that the court committed reversible error by failing to comply with Crim.R. 11(E), which provides:
 "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
This section is applicable in the case at bar since telephone harassment is a petty offense, i.e. punishable by a maximum sentence of six months. See Crim.R. 2(C) and (D).
As a matter of constitutional law, a plea in a criminal case must be entered knowingly, intelligently and voluntarily. State v. Engle
(1996), 74 Ohio St.3d 525, 527. We have consistently interpreted Crim.R. 11(E) to require that a meaningful dialogue take place between the trial court and the defendant, especially in cases where imprisonment is an option. State v. Richard (1996), 113 Ohio App.3d 141, 144; State v.Jones (Dec. 20, 1999), Mahoning App. No. 98 CA 165, unreported, 2. This colloquy ensures that a pleading defendant knowingly, intelligently and voluntarily waives her rights and enters her plea. The court has the obligation to set forth the constitutional rights that the defendant will waive as a direct result of the plea. State v. Warren (Dec. 13, 1999), Mahoning App. No. 98 CA 69, unreported, 3. Although Crim.R. 11(E) necessitates that the court fully explain the effect of the various pleas to the defendant, substantial compliance with the rule is sufficient.Id. Where there is not substantial compliance with the rule, however, the error is reversible. Richard, 113 Ohio App.3d at 145, citing State v.Hays (1982), 2 Ohio App.3d 376.
In the case at bar, the entire plea hearing is encompassed in the following quote:
 "THE COURT: Okay, Sandra Atkins. 99-CR-B- 735. Telephone harassment charge. Maximum penalty of six months in jail, one thousand dollar fine. We are here for the purposes of a pretrial. We are here with court-appointed attorney [appellant's attorney]. Now in regards to this matter, is there any resolution of this matter? This also was set for purposes of a status?
[Prosecutor]: Yes, Your Honor.
 THE COURT: If there is going to be a resolution, we will need a written waiver of a right to a trial or jury trial, which I believe [appellant's attorney is] preparing? Or in the process of executing?
[Appellant's attorney]: Yes, Your Honor.
 THE COURT: Thank you. I make a finding of guilty in regards to this matter. Is your client waiving a right to presentation of evidence, and stipulating to a finding of guilty?
[Appellant's attorney]: Yes, your Honor.
 THE COURT: I make a finding of guilty in regards to this matter." (Tr. 3).
The court found appellant guilty based on a written plea agreement and jury trial waiver. The court failed to explain the effect of the various pleas or the consequences of appellant's plea. The court engaged in no dialogue with appellant and minimal dialogue at all. The fact that appellant was represented by counsel does not discharge the court's duty under Crim.R. 11(E). See Hays, 2 Ohio App.3d 376 . Nothing in the transcript indicates that the plea was knowingly, intelligently or voluntarily entered.
For the foregoing reasons, the trial court's acceptance of appellant's no contest plea is reversed, appellant's plea is vacated and this case is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
COX, P.J., concurs, and DONOFRIO, J., concurs.
[1] Originally, this court dismissed the appeal as it was untimely filed. We later reinstated the appeal after appellant requested such. In appellant's request for reinstatement, appellant explained that the trial court's judgment entry was not time-stamped and thus the appeal was not untimely. Although the time-stamp was not visible in the copy of the entry submitted with appellant's request, the copy of the entry that isin the file is clearly time-stamped. We mention this as a warning to counsel that it is the entry contained in the official record that must be utilized to substantiate arguments such as the one presented in the motion to reinstate the appeal. Because we previously found other reasons for reinstating the appeal besides the lack of a time-stamp, we shall not now dismiss the appeal.