DECISION.
Plaintiff-appellant, the city of Cincinnati, appeals the judgment of the municipal court granting defendant-appellee Richard Dews's motion to vacate his no-contest plea and sentence.[1] The city, in a single assignment of error, claims that the trial court erred by vacating a completed sentence.
Dews had been originally charged with domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A), against Denise Joyner, with whom he had a child. Joyner faced a similar charge. Caleb Brown, Jr., has represented Dews both at trial and on appeal. On July 10, 2000, the trial court made a handwritten notation in the record that Dews had entered a not-guilty plea and that the parties were ready for trial, but that the proceedings were being continued until July 11, 2000. The transcript dated July 11, 2000, is the earliest for any proceedings transmitted to this court. By that time, agreement among the parties had been reached for reducing the charges against both Dews and Joyner to disorderly conduct, a fourth-degree misdemeanor in violation of R.C. 2917.11.
On July 11, 2000, Dews entered a plea of no contest to the amended charge. Dews stipulated to the facts constituting the elements of the offense. The trial court then found Dews guilty. The trial court asked if Dews would like to make a statement before the sentence was imposed, and Dews's attorney spoke on his behalf. The trial court fined Dews $200 and ordered him to pay costs.
On September 12, 2000, Dews filed his motion to vacate the no-contest plea and the sentence, arguing manifest injustice pursuant to Crim.R. 32.1. The motion was accompanied by two affidavits, one from Dews and one from attorney Brown. A motion hearing commenced on September 14 and concluded on September 15, when the trial court granted Dews's motion, finding that he had established the existence of manifest injustice.
Crim.R. 32.1 reads,
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.[2]
 A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.[3] The Ohio Supreme Court has stated that the trial court is in a better position to evaluate the motivations behind a guilty plea (in this case, a no-contest plea) than is an appellate court, which is only reviewing a record of the hearing.[4] At the motion hearing in this case, counsel argued that both he and Dews had been assured on May 18 that if Dews entered a plea to a reduced charge of disorderly conduct, Dews would not lose his employment as a Cincinnati police officer. On May 18, a representative of the Cincinnati Police Department IA Unit had been present in court, confirmed at that time with his captain that a plea to disorderly conduct would not cause Dews to lose his job, and reported this to Dews and his counsel. But no plea was entered on May 18, and trial commenced on July 10. The trial was halted on the same day when the city prosecutor offered the reduced charge of disorderly conduct.
In counsel's affidavit, he said that in August, subsequent to Dews's plea, Dews telephoned him to advise him that a hearing had been scheduled by the city for September 5, 2000, to consider Dews's termination from the Cincinnati Police Department. The reason given by the city was based on Dews's plea to the disorderly-conduct charge and applicable federal law. The record transmitted to this court does not include any information pertaining to the termination hearing subsequent to Dews's plea. In granting Dews's motion to withdraw his plea, the trial court
 stated, Defendant relied upon the Cincinnati Police Department and attorney that he would not lose job if convicted of DC. * * * The no contest plea was not entered knowingly and willingly. The defendant made an effort to investigate his plea before the change of plea. The facts in his affidavit and attorney's affidavit supported the existence of the manifest injustice.
 The Ohio Supreme Court has held that where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.[5] Although Dews has paid his fine, he has not appealed his conviction; rather it is the state that has appealed from the trial court's judgment granting Dews's motion to vacate his plea.[6]
In any event, had he appealed, Dews would have met his burden to show an inference of collateral legal consequences from his conviction, because he had been advised by his employer that a termination-from-employment hearing was scheduled due to his plea.[7]
While the record supports the trial court's finding of manifest injustice in the context of the effect of the plea on Dews's employment, our review of the record convinces us that the plea was also properly vacated for a failure to substantially comply with the Crim.R. 11(E) requirements. Substantial compliance means that, under the totality of the circumstances, a defendant objectively understands the implications of his plea and the rights he is waiving.[8] "A judge, in taking a plea, must substantially comply with Crim.R. 11(E), [and] failure to do so constitutes reversible error."[9]
Dews was eventually charged with disorderly conduct, a petty offense,viz., a misdemeanor other than a serious offense as defined in Crim.R. 2(C). In this respect, Crim.R. 11(E) requires the following:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty. * * *
 The record does not show that the trial court, before accepting Dews's plea, provided an explanation as to the effect of the plea, or that Dews understood the meaning of his plea. This court has said that prejudice is presumed when a no-contest plea is accepted under such circumstances.[10] For these reasons, the assignment of error is overruled.
Accordingly, the trial court's judgment granting Dews's motion to vacate his plea is affirmed, and the cause is remanded for further proceedings in accordance with law.
 ____________________________ Winkler, Judge.
 Gorman, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] The city has certified this appeal pursuant to R.C. 2945.67(A) and App.R. 3. We have sua sponte removed this case from the accelerated calendar.
[2] See, also, State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
[3] Id., paragraph two of the syllabus.
[4] See State v. Xie (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715,718, citing State v. Smith, supra.
[5] See State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236, syllabus.
[6] Compare State v. Berndt (1987), 29 Ohio St.3d 3, 3-4, 504 N.E.2d 712,714; Berea v. Wuensch (Jan. 18, 2001), Cuyahoga App. No. 77291, unreported.
[7] See State v. Wilson, supra, at 237, 325 N.E.2d at 237.
[8] See Euclid v. Muller (1999), 134 Ohio App.3d 737, 744,732 N.E.2d 410, 415, citing State v. Nero (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474, 476.
[9] See Euclid v. Muller, supra, at 744, 732 N.E.2d at 415.
[10] See State v. Hays (1982), 2 Ohio App.3d 376, 377, 442 N.E.2d 127,128-129; cf. State v. Brown (Apr. 3, 1996), Hamilton App. No. C-950728, unreported (Traf.R. 10[D] analogous to CrimR. 11[E]; judgment reversed where there was neither an explanation tendered by the court as to the effect of a no-contest plea nor an inquiry into whether the defendant understood the meaning of his plea, and attached to the motion to withdraw the plea was an affidavit of trial counsel, who averred that he had advised the defendant to enter a plea of guilty or no contest to the traffic charge without knowledge that he could be subject to a one-year driving suspension).