OPINION
This is an appeal from an order entered by the Carroll County Court denying Brian Lintner's ("Appellant") motion to set aside his conviction. That motion challenged the validity of Appellant's pro se no contest plea to the offense of driving while intoxicated. Appellant argues that the trial court committed reversible error when it failed to vacate his no contest plea after it had accepted the plea without first admonishing him as mandated by Crim.R. 11(E). For the foregoing reasons, this Court finds that this appeal is well taken and that the matter warrants reversal.
The record reveals that the matter began in the early morning hours of August 22, 1999, when a Malvern police officer stopped Appellant's vehicle on Canal Road in Carroll County, Ohio. The officer testified that his attention was initially drawn to Appellant's pickup truck because the rear license plate was not illuminated. The officer decided to follow the truck and after observing the vehicle cross over the center line of the road he effected a traffic stop.
The officer stated that upon detecting the odor of alcohol emanating from Appellant, he directed Appellant to exit the vehicle. The officer then subjected him to a portable breath test and a series of field sobriety tests. Appellant was arrested after the breath test showed a blood alcohol content (BAC) of .11%, and because he failed the field sobriety tests. A BAC DataMaster Test subsequently administered at the police station produced a slightly lower BAC level of .106%.
Appellant was charged with violating Malvern Ordinance 73:01(A)(1) 
(3), which proscribes the operation of a motor vehicle while under the influence of drugs, alcohol or a combination of the two. Appellant was also charged under 74:05(B) with operating his vehicle without a license plate light. At his arraignment on August 23, 1999, the trial court advised Appellant that if he was found guilty of the driving while intoxicated offense, as a first time offender he could receive a jail term of anywhere from three days to one hundred and eighty days as well as a fine of up to $1,000.00. Appellant, who was not represented by counsel at the time, pleaded no contest to the offense and the court entered an order suspending his license for one year. The court also ordered him to serve three days in county jail and pay a fine of $400.00.
On September 16, 1999, Appellant filed what he styled as a Motion to Set Aside Judgment of Conviction. That motion was denied that same day. Appellant filed a notice of appeal from that decision on October 7, 1999.
In his sole assignment of error, Appellant alleges the following:
 "Where, in a misdemeanor case in which imprisonment is possible, a trial court accepts a no contest plea without first engaging the accused in a meaningful dialogue to ensure that the plea is entered voluntarily, intelligently, and knowingly, it is error for the trial to deny the accused's motion to vacate the plea."
Appellant contends that his uncounseled no contest plea was entered in violation of Crim.R. 11(E). Crim.R. 11(E), which applies to pleas in misdemeanor cases that involve petty offenses, prohibits the trial court from accepting a plea without, "* * * first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E). Since the offenses involved here were petty offenses as delineated under Crim.R. 2, the trial court was mandated to advise Appellant in accordance with the dictates of Crim.R. 11(E).
Appellant maintains that he was not admonished in the manner that Crim.R. 11(E) requires. Therefore, he argues, the trial court erred when it denied his motion to set aside the plea.
We note that Appellee, State of Ohio, has not filed a brief in this matter. Pursuant to App.R. 18(C), we may accept Appellant's statements of the facts and issues as correct and we may reverse the matter if his brief reasonably appears to support reversal.
Before addressing the merits of Appellant's claim, however, this Court is first compelled to discuss whether we have jurisdiction to entertain this appeal. Under the rules of appellate procedure, a party seeking review in this Court must file his notice of appeal within thirty days of the date the trial court enters judgment. Crim.R. 4(A). The record indicates that the trial court entered its judgment convicting and sentencing Appellant on August 23, 1999. Appellant's notice of appeal, filed on October 7, 1999, forty-five days after the judgment entry, was plainly filed beyond the thirty days allotted for doing so under App.R. 4(A).
Appellant's September 16, 1999, motion seeking to set aside the August 23rd judgment does not toll or otherwise delay the running of the thirty-day limitation period provided under App.R. 4(A). Pursuant to App.R. 4(A) 4(B)(3), in a criminal case a party must file a notice of appeal within thirty days of the judgment from which the appeal is taken, unless the party files a motion for arrest of judgment or for a new trial pursuant to Crim.R. 33 and Crim.R. 34. Under those circumstances the time for filing a notice of appeal begins to run once the trial court has ruled on the motion.
Since Appellant's motion sought neither a new trial nor an arrest of judgment, his notice of appeal was not timely filed and, thus, this Court lacks jurisdiction to consider Appellant's direct appeal of his conviction and sentence. See, e.g., City of Shaker Heights v. Elder (July 1, 1999), Cuyahoga App. No. 74243, unreported (holding that appellant may not use the trial court's denial of a motion to withdraw his guilty plea to reopen prior proceedings).
Nevertheless, this Court can review the trial court's denial of his motion to set aside the judgment of conviction. Although the pleading is captioned awkwardly, the intent of the motion is to ask the court to vacate or allow Appellant to withdraw his no contest plea as provided under Crim.R. 32.1. Since the motion was filed and summarily denied on September 16, 1999, Appellant's notice of appeal, filed approximately three weeks later, is timely. Therefore, this Court will review the trial court's decision with respect to that motion. City of Warren v. Cromley
(1999), Trumbull App. No. 97-T-0213, unreported.
Motions seeking to withdraw pleas of "guilty" or "no contest" are subject to Crim.R. 32.1. That rule provides as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
While trial courts are instructed to liberally grant such requests made before sentence is imposed, those filed after sentencing are allowed only upon a showing of manifest injustice. State v. Xie (1992),62 Ohio St.3d 521, 527.
Motions to withdraw guilty pleas sought after the imposition of sentence are not freely granted because doing so could encourage defendants to routinely withdraw their pleas whenever they received an unfavorable sentence. State v. Mushrush (1999), 135 Ohio App.3d 99, 107; citing State v. Peterseim (1980), 68 Ohio App.2d 211. To prevail on a motion under Crim.R. 32.1, the defendant must show that there was an extraordinary and fundamental flaw in the plea proceeding. State v.Smith (1977), 49 Ohio St.2d 261, 264.
This court reviews a trial court's decision on a motion to withdraw a guilty plea under an abuse of discretion standard. State v. Battaglia
(March 26, 1993), Lake App. No. 92-L-011, unreported; citing Smith,supra, at 263. What constitutes an abuse of discretion under the circumstances turns on the respective facts of each case. State v.Walton (1981), 2 Ohio App.3d 117, 119.
Factors relevant to whether the trial court abused its discretion in denying a motion to withdraw a plea include: 1) whether the accused was represented by counsel at the time of the plea; 2)whether the accused received a full hearing under Crim.R. 11 before entering his plea; 3) whether the trial court afforded the accused an impartial hearing on his motion to withdraw the plea; and 4) whether the record establishes that the trial court gave full and fair consideration to the plea withdrawal request. State v. Hart, (September 16, 1988), Lucas App. No. L-87-371, unreported; citing, Peterseim, supra at 214.
The transcript of proceedings leading to Appellant's no contest plea reflects that at the opening of court, the trial judge issued general instructions to everyone present. In that general address, the trial court provided the following information with respect to the pleas available:
 "* * * If you sign a paper saying I don't want a lawyer and I don't want a jury trial then I'll need you to enter a plea of guilty or no contest. If you plead not guilty the case will be continued cause you're saying I didn't do it and I want a hearing. If you plead guilty you're saying I did it and there's no need for a hearing. If you plead no contest you're saying I don't contest it but I don't wish to admit my guilt. On a plea of guilty or no contest an officer has written a report. It'll be read out loud, you'll be given a chance to make a statement, and I will decide the case tonight." (Tr. pp. 2-3)
Later, there was the following dialogue between Appellant and the trial court:
 "COURT: How/do you feel you understand what guilty, not guilty, and no contest mean?
"A. Yes.
"COURT: Which one do you want to pick?
"A. No contest."
(Tr. p. 5).
This brief exchange is insufficient under Crim.R. 11(E). Even taking into account the court's general remarks at the beginning of the session, the trial court failed to advise Appellant of the ramifications attendant to his no contest plea. This Court has held that prior to accepting a plea in a misdemeanor case where there exists the possibility of imprisonment, as in the instant case, Crim.R. 11 requires the trial court to engage the accused in a meaningful dialogue to that effect.State v. Brum (June 29, 2000), Columbiana App. No. 99-CO-28, unreported. What occurred in the instant case fell well short of a "meaningful dialogue" as contemplated under Crim.R. 11.
Failure to substantially comply with Crim.R. 11 has been characterized as plain error. See, State v. Hays (1982), 2 Ohio App.3d 376; and accord, State v. Schellenger (Sept. 27, 1996), Clark App. No. 95-CA-91, unreported (holding that a no contest plea taken without colorable compliance with Rule 11 invalidates the entire proceeding). We note further that Appellant was not represented by counsel at the time he entered his plea and that in denying Appellant's subsequent motion seeking to vacate or withdraw the plea, the trial court did so summarily and without a hearing. Lacking any of the safeguards that fairness and due process require, Appellant's no contest plea was invalid and the trial court erred when it denied Appellant's motion to withdraw.
Accordingly, in light of the above, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
DONOFRIO, J. and DeGENARO, J., concurs.