DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Wendell L. Brunton, appeals the judgment of the Jackson County Municipal Court denying his motion to withdraw a no-contest plea to a charge of misdemeanor assault under R.C.2903.13(A). This appeal was submitted on the briefs of the parties. In a single assignment of error, Brunton argued that the trial court had abused its discretion in denying his motion to withdraw the plea. The basis of Brunton's argument was that the trial court had participated in plea negotiations but had failed to honor the agreement that Brunton and the state had reached.
 {¶ 2} Upon examining the record submitted for our review, we ordered the parties to submit additional memoranda on the issue of whether the trial court had substantially complied with Crim.R. 11 before accepting the no-contest plea. Because we now conclude that the trial court did not comply with the rule, we reverse the judgment and remand the cause for further proceedings.
 {¶ 3} The maximum penalty for simple assault is not greater than six months' incarceration, and assault is therefore classified as a "petty offense."[1] Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11 places the duty upon the trial court to have a meaningful colloquy with an accused prior to accepting a no-contest plea.[2] While rigid adherence to the rule is not required, there must be substantial compliance by a trial court, and the failure to substantially comply constitutes reversible error.[3] Substantial compliance means that, under the totality of the circumstances, the accused objectively understands the consequences of his plea as well as the rights he is waiving.[4]
 {¶ 4} In the case at bar, we hold that the trial court did not substantially comply with Crim.R. 11(E). The entire plea colloquy among the court, Brunton, and counsel was as follows:
 {¶ 5} "THE COURT: Okay. And Mr. Brunton, your attorney has provided you with a copy, an explanation of rights form, and I'm asking that, if you haven't done so, that you carefully read that. After reading that and understanding your rights, that it is your desire to plead no contest, sign above where it says Defendant. I'm also going to ask your attorney to sign off on that document, and please don't sign that until you understand that you are making this plea voluntarily.
 {¶ 6} "MR. FAULKNER [Brunton's counsel]: For the record, Mr. Brunton has executed the document as have I.
 {¶ 7} "THE COURT: Okay. And Bailiff, if I can see that. And, Mr. Brunton, you have signed this document in open court. Is that your free and voluntary act?
 {¶ 8} "MR. BRUNTON: Yes, Your Honor.
 {¶ 9} "THE COURT: Okay. Very well. I accept your plea of no contest. I'm sure your attorney is ah, explained to you that that no contest plea is not necessarily the equivalent of a guilty plea and so that ah, I will need a statement of facts or something sufficient to ah, for my determination of whether this offense is provable or not."
 {¶ 10} This colloquy reveals that the trial court failed to explain to Brunton the effect of his plea. The trial court merely asked Brunton if he had completed the plea form and did not engage Brunton in a meaningful discussion of the meaning of his plea. Although the state emphasizes that the waiver form included a statement of the meaning of the plea, the execution of the waiver form was not an adequate substitute for the colloquy required by Crim.R. 11.[5]
 {¶ 11} Because the record demonstrates that the trial court failed to engage in a meaningful colloquy with Brunton concerning the effect of his plea, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision and law.
Painter, P.J., and Sundermann, J., concur.
Lee H. Hildebrandt, Mark P. Painter, and J. Howard Sundermann, of the First Appellate District, sitting by assignment.
[1] See Crim.R. 2(C) and (D).
[2] See State v. Richard (1996), 113 Ohio App.3d 141, 144,680 N.E.2d 667.
[3] Euclid v. Muller (1999), 134 Ohio App.3d 737, 744, 732 N.E.2d 410, jurisdictional motion overruled (2000), 87 Ohio St.3d 1494,722 N.E.2d 527.
[4] Id.
[5] See State v. Timmons (Sept. 27, 1999) 4th Dist. No. 98CA38.