OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. Appellee did not file a brief in this matter. Appellant Naim Malek appeals the decision of the Youngstown Municipal Court finding him guilty of simple assault in violation of R.C. 2903.13(A), a petty misdemeanor. The issues we must address are 1) whether the trial court adequately determined whether Malek knowingly and voluntarily made his plea of no contest and 2) whether the trial court failed to properly elicit an explanation of the circumstances surrounding the alleged offense prior to accepting Malek's plea of no contest. Because the trial court failed in both respects, the judgment of the trial court is reversed, Malek's plea is vacated and this matter is remanded to the trial court.
 {¶ 2} Malek was originally charged with felonious assault, but pursuant to a Rule 11 plea agreement, the charge was amended. On December 28, 2001, Malek appeared in court and pled no contest to simple assault. The trial court accepted Malek's plea and found him guilty of the charge. On March 4, 2002, the trial court sentenced Malek to 180 days in jail with 120 days suspended. Malek was also ordered to pay a $1000 fine with $900 suspended. Malek timely appealed from that judgment.
 {¶ 3} As his first assignment of error, Malek claims:
 {¶ 4} "The trial court committed reversible error when it failed to determine whether Defendant/Appellant's plea of no contest was knowingly, voluntarily and intelligently made."
 {¶ 5} Malek asserts the trial court failed to adequately apprise him of the effect the no contest plea would have as related to his constitutional and statutory rights. Malek argues an oversight of this nature requires a reversal of the trial court's sentence as the original plea cannot be viewed as having been intelligently, knowingly and voluntarily made.
 {¶ 6} Malek was charged with violating R.C. 2903.13(A), a first degree misdemeanor which carries a penalty of no more than six months. Under Crim.R. 2(C) a "serious offense" includes any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Since the offense to which Malek was charged does not fall within the class of offenses defined pursuant to Crim.R. 2(C), his offense must be classified as a "petty" offense as provided in Crim.R. 2(D). All misdemeanors which are classified as petty offenses are governed by Crim.R. 11(E) which states as follows:
 {¶ 7} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 8} While Crim.R. 11(E) requires a trial court explain the effect of the plea prior to accepting the plea, rigid adherence to the requirements of the rule is not necessary. Garfield Heights v. Mancini
(1997), 121 Ohio App.3d 155, 157, 669 N.E.2d 132. Substantial compliance is sufficient so long as under the totality of the circumstances a defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Kaplan (Dec. 15, 1998), 7th Dist. No. 95-BA-43, citing State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474. However, in order to ensure a defendant subjectively understands the rights that he is waiving, a trial court should engage in a meaningful dialogue with the defendant. State v. Richard (1996),113 Ohio App.3d 141, 144, 680 N.E.2d 667. This is especially true when a court is dealing with a misdemeanor offense where imprisonment is an option. Id.
 {¶ 9} While the phrase "effect of the plea" is not defined under Crim.R. 11(E), a number of courts have considered what precisely a trial court must convey in order to comply with the dictates of the rule. InCity of Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 463 N.E.2d 56, the Sixth District Court of Appeals determined the entering of a no contest plea has the effect of waiving a number of constitutional and statutory rights and privileges. Therefore, a trial court must plainly advise a defendant that by entering his plea he is essentially extinguishing his right to a trial by jury or to the court, the burden upon the prosecution to prove his guilt beyond a reasonable doubt, his right to cross-examine the witnesses called against him, his right to testify, his right to compulsory process, and his privilege against self-incrimination. Id. at 43-44.
 {¶ 10} A trial court should further advise a defendant that in the event a no contest plea is entered, the court will make a finding regarding guilt or innocence based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution or as they are presented by the complainant.Chiaverini, supra. Additionally, this court indicated in State v. Moore
(1996), 111 Ohio App.3d 833, 677 N.E.2d 408, that prior to accepting a no contest plea a trial court must advise the pleading defendant as to both the minimum and maximum penalties which could be imposed. See also Statev. Warren (Dec. 13, 1999), 7th Dist. No. 98 CA 69.
 {¶ 11} Finally, if the trial court fails to inform the defendant of the effects of such a plea and fully comply with the mandates of the rule before accepting a plea of no contest, this court has concluded the trial court has committed prejudicial error even when the defendant is represented by counsel. State v. Schniable (Apr. 9, 1997) 7th Dist. App. No. 95-CO-60, at 2, citing State v. Hays (1982), 2 Ohio App.3d 376,442 N.E.2d 127, at the syllabus. "These rules are not merely procedural guidelines, they are mandates and their violation invites reversal. These rules involve fundamental and constitutionally protected rights which must be addressed by the court. Failure to do so constitutes error." Id. at 2 citing State v. Richter (1993), 92 Ohio App.3d 395, 399.
 {¶ 12} The burden of showing compliance with the criminal rules lies squarely upon the shoulders of the trial judge who must be able to demonstrate there has been a "meaningful dialogue" between the court and defendant before a "no-contest" plea is accepted. State v. Luhrs (1990),69 Ohio App.3d 731, 735, 591 N.E.2d 1251, citing State v. Joseph (1988),44 Ohio App.3d 212, 542 N.E.2d 690. Moreover, a defendant's written waiver does not absolve the trial court from its responsibility to explain the fundamental rights and constitutional guarantees available to defendant. Id. The fundamental rights expressed in the Sixth andFourteenth Amendments to the United States Constitution mandate that a trial court undertake a meaningful dialogue illustrating that any waiver of these rights is voluntarily, intelligently, and knowingly made.Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 218, 479 N.E.2d 309,State v. Mascaro (1991), 81 Ohio App.3d 214, 216, 610 N.E.2d 1031.
 {¶ 13} In the present case, the only reference the trial court makes with regard to Malek's plea is as follows:
 {¶ 14} "The motion to amend is granted. The Defendant enters a plea of No Contest. There is a finding of guilt."
 {¶ 15} The record is devoid of any comments made by Malek, himself, and there is absolutely no dialogue regarding Malek's plea of no contest. Accordingly, Malek's first assignment of error is meritorious.
 {¶ 16} As his second and final assignment of error, Malek states:
 {¶ 17} "The trial court violated R.C. § 2937.07 and committed reversible error when it failed to elicit an explanation of the circumstances surrounding the alleged offense prior to accepting Defendant/Appellant's plea of no contest."
 {¶ 18} In essence, Malek contends that after a "no contest" plea, a finding of guilt must be preceded by some inquiry to obtain an "explanation of circumstances." The applicable statutory provision, R.C.2937.07, states in relevant part:
 {¶ 19} "If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."
 {¶ 20} The Ohio Supreme Court held the statute is a viable standard stating, "Section 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis of a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers
(1984), 9 Ohio St.3d 148, 150, 459 N.E.2d 532. This court has previously concluded R.C. 2937.07 is mandatory and it cannot be presumed from a silent record that the trial court complied with its requirements.Schniable, at 4 citing State v. Boerst (1973), 45 Ohio App.2d 240, 241.
 {¶ 21} We further concluded a no contest plea relieves the prosecution of the burden of presenting evidence sufficient to prove a defendant guilty beyond a reasonable doubt. Thus, a conviction is improper when statements of factual matters presented to the court in support of the complaint negate an essential element of the offense charged, Id. citing State v. Stow Veterans Assn. (1987), 35 Ohio App.3d 45,46. "[T]he question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance." Bowers, supra, at 151.
 {¶ 22} In Bowers, supra, the defendant was convicted after pleading no contest to a charge of driving while under the influence and subsequently appealed. Id., at 148-149, 459 N.E.2d 532. The court reasoned that the trial court erred when the actual complaint, arresting officer's report, and all other such documentary evidence was not specifically read into the record to illustrate that the court made its decision in a non-perfunctory manner. Id., at 151, 459 N.E.2d 532. According to the court, the record must reflect and explain the evidence the court considered when it rendered its verdict. Id. Therefore, the Supreme Court vacated the defendant's plea because the trial court failed to read into the record an explanation of circumstances as required under R.C. 2937.07. Id.
 {¶ 23} In the instant case, the transcripts likewise fail to illustrate Malek was ever addressed concerning either the charge against him or the elements of that offense. Applying Bowers, it is apparent the trial court failed to fully explain the circumstances surrounding the case. Malek's claim concerning R.C. 2937.07 is also meritorious.
 {¶ 24} Accordingly, the judgment of the trial court is hereby reversed, Malek's plea is vacated, and this cause is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
Vukovich, P., J., and Donofrio, J., concur.