JOURNAL ENTRY AND OPINION
{¶ 1} Michelle Darnell appeals her conviction and sentence handed down by the common pleas court. After a review of the record and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} Appellant was originally charged with theft, a felony of the fifth degree, in violation of R.C. 2913.02. The charge stemmed from a physical altercation in a bar that took place on January 24, 2003. During the fight, appellant ripped off the necklace of the victim, Patricia Johnson; when the victim asked the appellant to return the necklace, she refused, left the bar and sped off in her car.
 {¶ 3} On November 6, 2003, the state moved the trial court to amend the indictment to inciting violence, in violation of R.C.2917.01(A)(2), a misdemeanor of the first degree. The trial court conducted a plea hearing on the record, accepted the appellant's plea of guilty to the amended charges, and sentenced the appellant to a 90-day suspended jail term and one year of probation. Appellant was required to attend anger management counseling and pay restitution to the victim pursuant to the terms of her probation.
 {¶ 4} On November 12, 2003, appellant filed a motion to vacate conviction and withdraw plea, which the trial court heard on November 21 and 26, 2003. The trial court then denied the motion and continued appellant's original probation sentence.
 {¶ 5} Appellant filed her appeal with this court, referencing the journalization of the original conviction and sentence, dated November 14, 2003. Appellant's notice of appeal contained no reference to the subsequent motion hearing; however, appellant's original brief contained an assignment of error relative to the denial of the motion to withdraw guilty plea. Appellee filed a motion to strike that assignment of error, which was granted by this court on July 27, 2004. Therefore, only appellant's first and third assignments of error will be addressed.
 {¶ 6} "I. The trial court committed reversible error when it accepted appellant's plea without first informing her of the effects of her plea."
 {¶ 7} A misdemeanor of the first degree is not a "serious offense." "Serious offense" is defined by Crim.R. 2 as "any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." The penalty for a misdemeanor of the first degree is "not more than six months." R.C. 2929.21. Therefore, Crim.R. 11(E) controls appellant's plea in this matter. Toledo v. Chiaverini (1983), 11 Ohio App.3d 43,44, 463 N.E.2d 56.
 {¶ 8} Crim.R. 11(E) states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest and not guilty." This court stated in City of Parma v. Peyatt: "As in felony cases where a guilty plea is entered, misdemeanor cases in which a guilty plea is entered require a meaningful dialogue between the court and the defendant. Garfield Heightsv. Brewer (1984), 17 Ohio App.3d 216, 218, 479 N.E.2d 309;State v. Joseph (1988), 44 Ohio App.3d 212, 213,542 N.E.2d 690; State v. Luhrs (1990), 69 Ohio App.3d 731, 735,591 N.E.2d 1251. [However], a court need only substantially comply with the requirements of Crim.R. 11. State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163, syllabus; State v. Strawther (1978),56 Ohio St.2d 298, 383 N.E.2d 900, syllabus; State v. Hays
(1982), 2 Ohio App.3d 376, 377, 442 N.E.2d 127." (Apr. 25, 1996), Cuyahoga App. No. 68997 at 4-5.
 {¶ 9} Substantial compliance with Crim.R. 11 means that, under the totality of the circumstances, the defendant subjectively understands the implications of his or her plea and the rights he or she is waiving. State v. Nero (1990),56 Ohio St.3d 106, 108. Further, a defendant who challenges a plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate a prejudicial effect. State v. Johnson
(1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295; Stewart, supra at 93. The test is whether the plea would have otherwise been made. Stewart, supra; see State v. Williams, Cuyahoga App. No. 81424 at 9, 2003-Ohio-1345.
 {¶ 10} In the instant case, appellant was originally charged in a one-count indictment with a felony of the fifth degree — theft of jewelry in an amount greater than $500 but less than $5,000. The state then moved to amend the indictment to inciting violence, pursuant to R.C. 2917.01, a misdemeanor of the first degree. However, there then appeared to be considerable confusion among the attorneys and the trial court about what the indictment should be amended to. Counsel represented to the court at one point that the attorneys were trying to find a first degree misdemeanor "that fits" appellant's crime.
 {¶ 11} After counsel settled on an amended charge and the prosecutor read the proposed amendment into the record, the trial court conducted the following colloquy with the appellant:
 {¶ 12} "THE COURT: All right. Ma'am, do you understand you have an absolute right to go to trial on the crime, that these occurred on January 24th, 2003, that you have a right to a trial, to confront the witnesses against you through counsel, if you cannot afford one, one will be appointed to you. Do you understand that?
 {¶ 13} "THE DEFENDANT: Yes.
 {¶ 14} "THE COURT: At trial the burden of proof wouldn't be on you, it would be on the state to prove your guilt beyond a reasonable doubt, unanimously to a jury of twelve or a judge, if you waived the jury. Do you understand that?
 {¶ 15} "THE DEFENDANT: Yes.
 {¶ 16} "THE COURT: At trial you can put on a defense, in your defense you can call witnesses to compel their appearance by subpoena. You can testify or you can chose not to testify, and no one can comment upon violation of your Fifth Amendment Right. Do you understand that?
 {¶ 17} "THE DEFENDANT: Yes.
 {¶ 18} "* * *
 {¶ 19} "THE COURT: How do you plead to the crime of a misdemeanor of the first degree, carrying a $1,000 fine, guilty or not guilty?
 {¶ 20} "THE DEFENDANT: Guilty.
 {¶ 21} "* * *
 {¶ 22} "THE COURT: All right. Thank you. Anything you would like to say, Ma'am?
 {¶ 23} "THE DEFENDANT: At this time, your Honor, I didn't do it. I feel funny pleading to something that I didn't do.
 {¶ 24} "THE COURT: All right. The court is going to sentence you * * *."
 {¶ 25} While the trial court may not have strictly complied with Crim.R. 11 during this exchange, the appellant has failed to demonstrate any circumstances that rendered her plea improper. Even if this court assumes that the trial court erred, the appellant failed to show what prejudice has befallen her as a result of the court's alleged mistakes. The appellant was present in court when the prosecutor recited the elements and possible penalties for the offense of inciting violence, in violation of R.C. 2917.01, including a possible term of incarceration of not more than six months, and appellant was further informed that the offense carried a possible $1,000 fine. She has not indicated that her plea would have been different had she heard these facts from the trial court directly and not as recited by the prosecutor at the plea hearing. The record clearly reflects that the trial court addressed the appellant directly regarding the rights she would be waiving by entering a plea. There is no indication that the appellant failed to understand the proceedings or otherwise misunderstood the amendment to the indictment, nor did she object or express surprise that her sentence included 90 days, suspended. Therefore, we find that appellant's first assignment of error lacks merit and is hereby overruled.
 {¶ 26} "III. Defendant was denied her constitutional right to effective assistance of counsel as guaranteed by theSixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 27} Appellant argues in her third assignment of error that trial counsel's performance was deficient because he failed to ensure that appellant's plea was made knowingly, voluntarily and intelligently. Because we have determined that appellant entered a valid plea to the amended charge, we cannot determine that counsel's performance in allowing her to do so was in any way deficient during her plea hearing and/or sentencing. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Brooks (1986),25 Ohio St.3d 144, 495 N.E.2d 407. Appellant cannot meet either prong of this test, as discussed above.
 {¶ 28} Finally, because we have declined to address appellant's second assignment of error regarding the motion to withdraw her guilty plea, it would be improper to consider trial counsel's performance at that motion hearing as appellant has argued in her third assignment of error. Therefore, we find that trial counsel's performance was neither flawed nor deficient, and this assignment of error must fail.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., Concurs; Sweeney, J., Concurs in Judgment only.