[Cite as *Lakewood v. Lane*, 2017-Ohio-1039.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104534

# CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

# GREGORY L. LANE, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2007 TRC 01169

**BEFORE:** Laster Mays, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

-i-

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Kevin M. Butler
Lakewood Law Director

By:    Pamela L. Roessner
Assistant Prosecuting Attorney
12650 Detroit Avenue
Lakewood, Ohio 44107

ANITA LASTER MAYS, J.:

{¶1}    Defendant-appellant, Gregory L. Lane, Jr. ("Lane"), appeals his guilty plea and asks this court to reverse his convictions, vacate his sentence, and remand to the trial court for further proceedings.    We affirm.

{¶2} Lane was charged with and pled guilty to driving under the influence of alcohol, a first-degree misdemeanor, in violation of R.C. 4511.19; driving without a license, a first-degree misdemeanor, in violation of the city of Lakewood Municipal Ordinances Code 335.01(b)(2)(B); and possession of marijuana, a minor misdemeanor, in violation of the city of Lakewood Municipal Ordinances Code 513.93.    The trial court fined Lane $705 and sentenced him to 180 days in jail with 174 days suspended.    Lane was placed on probation for one year and had his driver's license suspended for six months.

{¶3} After being ticketed for the above offenses, Lane was ordered to appear in Lakewood Municipal Court on March 12, 2007.    During Lane's arraignment, the court read the rights to the entire group of defendants.    When Lane approached the podium, the judge reviewed his charges and asked Lane if he intended to "get an attorney."    (Tr. 3.)    Lane stated that he probably would need to get an attorney.    The judge continued Lane's case for a week so Lane could procure an attorney.    Lane did not come back to court until May 10, 2016, nine years later.    At Lane's second arraignment, the court

again read the rights to the entire group of defendants. The court then proceeded through the same process of informing Lane of his charges, and again asked Lane if he wanted to hire an attorney. The court again granted Lane a one-week continuance to get an attorney. Lane returned to the arraignment room on May 17, 2016, with the court reading the rights to the entire group present, without an attorney, and pled guilty to the charges.

{¶4} At all three hearings, the trial court engaged in the same colloquy. The trial judge stated,

> You have the right to be represented by an attorney. If you need time to speak with an attorney, I can continue this for a week to give you the opportunity to do so. If you cannot afford an attorney, one may be appointed for you at the cost of $25, if this is a case which the [c]ourt can impose a jail sentence and you are legally indigent. If you wish to enter a plea today, you can enter a plea of guilty, not guilty, or no contest. If you enter a guilty plea, you're admitting your guilt as a matter of law. Obviously if you plead guilty, you'll be found guilty. If you enter a plea of not guilty, the case will not be disposed of at this time, instead be set for trial at a later date. If you enter a plea of no contest, you're not admitting your guilt. You are admitting to the facts in the complaint. And by admitting those facts the [c]ourt could make a finding of guilt. * * * I realize I've given you a lot of information here this morning. If you have any questions, please feel free to ask.

(Tr. 3.)

{¶5} On May 17, 2016, at Lane's hearing and sentencing, the trial judge explained the charges, the penalties, and then gave Lane an opportunity to speak to an attorney. The conversation went as follows,

COURT:    And how do you wish to plead to the charges?

LANE:    I plead guilty.

COURT: Do you understand by pleading guilty you're admitting your guilt to the matter of law.

LANE: Yes, I do.

COURT: You're giving up your right to a trial, including the right to a trial by jury. Do you understand that?

LANE: Yes, sir.

COURT: The right to be presumed innocent and have the government prove the case against you beyond a reasonable doubt. Do you understand that?

LANE: Yes, sir.

COURT: The right to be confronted by the witnesses the government would call against you and through your attorney the right to cross-examine these witnesses. Do you understand that?

LANE: Yes, sir.

COURT: And the right to have an attorney present. You're processing without an attorney?

LANE: Pardon me?

COURT: You're proceeding today without an attorney is that correct?

LANE: Yes, sir.

{¶6} After filing this timely appeal, Lane now assigns two errors for our review:

I.    The trial court erred when it did not comply with Crim.R. 11(E) before accepting the appellant's guilty plea; and

II.    The 180-day sentence of confinement, with 174 days suspended, by the municipal court imposed following Lane's guilty plea is not valid because it was entered without advice of counsel and the record fails to reflect a knowing and intelligent waiver of that right in violation of the Sixth and Fourteenth amendments to the U.S. Constitution and Crim.R. 44.

**I. Guilty Plea**

**A. Standard of Review**

**{¶7}** The standard for determining whether a trial court properly accepts a plea is whether the court substantially complied with Crim.R. 11. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**B. Law and Analysis**

**{¶8}** In Lane's first assignment of error, he argues that the trial court erred when it did not comply with Crim.R. 11(E) before accepting his guilty plea. Crim.R. 11(E) states,

> In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

Lane specifically contends that the trial court did not inform him of the effects of pleading guilty. At the beginning of the proceedings, the trial court informed all the defendants of their constitutional rights and the effects of their pleas. Lane argues that because the trial court did not specifically address him or inform him personally of the effects when he was called up to plead, the trial court erred.

**{¶9}** In all three proceedings where Lane was in attendance, the trial court followed the same procedure by informing the room of defendants of their constitutional rights and effects of their pleas. Lane heard the same colloquy three times. "A court

need only substantially comply with the requirements of Crim.R. 11." *State v. Darnell*, 8th Dist. Cuyahoga No. 83893, 2004-Ohio-6620, ¶ 8. "Substantial compliance with Crim.R. 11 means that, under the totality of the circumstances, the defendant subjectively understands the implications of his or her plea and the rights he or she is waiving." *Id*. at ¶ 9. "In order to ensure a defendant does understand the effect, a court must look to all the particular facts and circumstances surrounding the case." *State v. Taylor*, 8th Dist. Cuyahoga No. 91898, 2009-Ohio-2392, ¶ 20. Whether the trial judge addressed Lane with other defendants or alone, Lane was still advised of his rights and advised of the effects of his plea. "If there are multiple defendants to be arraigned, the judge may by general announcement advise them of their rights as prescribed in this rule." *State v. Brinkman*, 8th Dist. Cuyahoga No. 44262, 1982 Ohio App. LEXIS 11946 (Feb. 25, 1982); Crim.R. 10(D). We find that there was substantial compliance with Crim.R. 11(E) and overrule Lane's first assignment of error.

## II. Waiver of Representation

### A. Standard of Review

{¶10} "We undertake a de novo review to determine whether a defendant has made a knowing, voluntary, and intelligent wavier of the right to counsel." *Columbus v. Abrahamson*, 10th Dist. Franklin No. 13AP-1077, 2014-Ohio-3930, ¶ 6.

### B. Law and Analysis

{¶11} In Lane's second assignment of error, he argues that the 180-day sentence of confinement, with 174 days suspended, imposed by the Lakewood Municipal Court

following his guilty plea is not valid because it was entered without advice of counsel and the record fails to reflect a knowing and intelligent waiver of that right in violation of the Sixth and Fourteenth amendments to the U.S. Constitution and Crim.R. 44.

> The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment.

*Garfield Hts. v. Williams*, 8th Dist. Cuyahoga No. 102279, 2016-Ohio-381*, ¶* 9.

**{¶12}** In addition,

> To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. Crim.R. 44(A) also provides that a defendant is entitled to counsel "unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." To be valid, a waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, P 40.

*Id*. at ¶ 11.

**{¶13}** According to Crim.R. 44(B) and (C),

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

{¶14} Therefore, "pursuant to Crim.R. 44 and 22, the waiver of counsel must take place in open court, must be recorded, and in cases of serious offenses, the waiver must be in writing." *Williams* at ¶ 13.

> A petty offense is defined as 'a misdemeanor other than a serious offense.' Crim.R. 2(D). A serious offense 'means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.' Crim.R. 2(C).

*Id.* at ¶ 14.

Therefore, the charge against Lane was a petty offense governed by Crim.R. 44(B) and (C) and therefore the waiver need not be in writing.

{¶15} Lane was advised three times in three separate proceedings by the trial court that he had a right to have an attorney represent him. During the first proceeding, the trial court advised Lane of this right, stayed the proceedings, and gave him one week to speak with or obtain an attorney. Lane did not return to court until nine years later. In the second proceeding, the trial court again advised Lane of his right to counsel. The trial court gave Lane another week to consult an attorney. Lane returned to court a week later, and was again advised of his right to an attorney. This time Lane said he wished to proceed without an attorney. He also stepped to the side and signed a waiver to have an attorney in open court. The transcript reflects this when it states,

| | |
|---|---|
| COURT: | You're proceeding today without an attorney is that correct? |
| LANE: | Yes, sir. |
| COURT: | Do you want to step over to the bailiff for a moment? You're giving up the right to present your own |

defense. In other words, if you wanted to testify you would have the right to do that. You're not required to. If you did not want to testify, no one could make you. And your silence could not be used against you. Do you understand that?

LANE: Yes, sir.

Lane stepped to the side to sign a waiver of counsel, although he was not required to do so with a petty offense. The record reveals that the waiver was dated May 17, 2016. The waiver states,

I know that the offense with which I am charged carries with it, upon either a plea of guilty or no contest, or a finding of guilt, a possible term of imprisonment in jail. I understand that I have the right to have the assistance of counsel for the preparation and presentation of my case, and that if I am found to be without funds or resources to hire an attorney, that an attorney will be assigned to represent me. Having knowledge of all the facts stated above and understanding to my satisfaction what each one means, I voluntarily, of my own free will and volition, without force or duress, and without any promises having been made to be by anyone, waive my right to counsel, and elect to proceed to disposition of this case without an attorney.

{¶16} The signed waiver informed Lane about possible jail time. But, more importantly, Lane acknowledged in the waiver that he knowingly, voluntarily without force or duress waived his right to counsel. Before he signed the waiver, the trial court orally informed him of possible jail time for his offense. The court stated,

Mr. Lane, we're here in the charge of operating a vehicle under the influence of alcohol. This goes back to 2007. It carries with it a fine up to $1,075, a possible six days to six months in jail, license suspension one-year to five years; expired plates carrying with it up to $150 fine; not wearing a seatbelt, a $30 fine; possession of marijuana up to $150 fine, license suspension of six months to five years.

(Tr. 3.)

We find that the trial court's sentence of 180-day imprisonment with 174 days suspended is valid because Lane was informed by the court about possible jail time, and Lane signed a waiver of counsel in open court.   We find that Lane's waiver of a right to counsel was knowingly, intelligently, and voluntarily made. Therefore, Lane's second assignment of error is overruled.

**{¶17}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the   Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR