[Cite as *State v. Smith*, 2022-Ohio-4424.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Darryl Gene Smith

Appellant

Court of Appeals No.  L-22-1005
L-22-1006
L-22-1007
L-22-1008

Trial Court No.  TRD-21-00403
TRD-21-13483
CRB-21-00303
TRD-21-06465

**DECISION AND JUDGMENT**

Decided:  December 9, 2022

* * * * *

David L. Toska, City of Toledo Chief Prosecuting Attorney, and
Jimmie Lee Jones, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a December 6, 2021 judgment of the Toledo Municipal

Court, finding appellant guilty on one count of obstruction of official business, in

violation of R.C. 2921.31, a misdemeanor of the second degree, one count of possession of an open container of alcohol in a motor vehicle, in violation of R.C. 4301.62, a minor misdemeanor, three counts of operating a motor vehicle without a valid driver's license, in violation of R.C. 4510.12, misdemeanors of the first degree, two counts of operating a motor vehicle without proof of financial responsibility, in violation of R.C. 4509.101, misdemeanors of the first degree, one count of operating a motor vehicle with fictitious plates, in violation of R.C. 4549.08, a misdemeanor of the fourth degree, one count of failure to obey a traffic control device, in violation of R.C. 4511.12, a minor misdemeanor, and one count of failure to file an application for motor vehicle registration, in violation of R.C. 4503.11, a minor misdemeanor.

{¶ 2} Following a consolidated bench trial, encompassing all of the above-described offenses, appellant was convicted on all counts. Appellant was sentenced to two, suspended, 180-day jail terms, one 90-day jail term, ordered to be served concurrently, one 180-day jail term, ordered to be served concurrently, credit for time served, and inactive probation. This appeal ensued.

{¶ 3} Appellant, Darryl Gene Smith, sets forth the following sole assignment of error on appeal:

{¶ 4} "The trial court erred by failing to obtain a knowing, intelligent, and voluntary waiver of appellant's right to counsel []."

2.

{¶ 5} The following facts are relevant to this appeal. During the course of three separate traffic incidents, occurring on January 10, May 9, and September 30, 2021, respectively, appellant was charged with the underlying traffic offenses.

{¶ 6} On December 6, 2021, the cases proceeded to trial. The record reflects that the trial court conducted the proceedings in a thorough and accommodating manner, particularly in the context of appellant's repeated recitation of an untenable, subjective belief of not being bound by the traffic laws of the State of Ohio, despite admittedly driving a motor vehicle in the State of Ohio.

{¶ 7} Given the specific premise of this appeal, the veracity of appellant's waiver of the right to counsel, we note that the record reflects that the trial court went to considerable lengths, on multiple occasions, to expressly advise appellant of his right to appointed legal counsel, of the possibility of facing jail time, and gave appellant multiple opportunities to weigh the choice.

{¶ 8} The record further reflects that, during the entirety of this matter, appellant clearly and consistently articulated his decision to decline the right to counsel, and unambiguously communicated to the trial court on multiple occasions his decision to represent himself.

{¶ 9} Nevertheless, in an abundance of caution, the trial court did secure counsel to be present on appellant's behalf, and had counsel available to assist appellant during the proceedings on an informal basis, despite appellant's waiver of the right to counsel.

3.

{¶ 10} The record reflects that appellee called multiple law enforcement witnesses to testify at trial regarding the subject traffic offenses.  These witnesses uniformly presented detailed, uncontroverted testimony demonstrative of appellant's guilt of the traffic offenses.

{¶ 11} Conversely, the record shows that appellant did not deny committing the offenses, but rather, repeatedly denied being subject to Ohio's traffic laws.

{¶ 12} At the conclusion of the bench trial, appellant was found guilty on all counts and was sentenced to suspended jail time and inactive probation.

{¶ 13} In the sole assignment of error, appellant alleges that the trial court erred in failing to obtain a knowing, intelligent, and voluntary waiver of counsel from appellant. We do not concur.

{¶ 14} Crim.R. 44(A) establishes, in relevant part, "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings * * * *unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel*."  (Emphasis added).

{¶ 15} In conjunction, Crim.R. 44(C) establishes, "*Waiver of counsel shall be in open court and the advice and waiver shall be recorded*."  (Emphasis added).

4.

**{¶ 16}** Crim.R. 11(D) similarly establishes, "In misdemeanor cases involving serious offenses the court may refuse to accept a plea * * * *unless the defendant * * * pursuant to Crim.R. 44 * * * waives this right [to counsel]*." (Emphasis added).

**{¶ 17}** It is well-established that appellate court review of the disputed validity of a defendant's waiver of the right to counsel is performed on a de novo basis. *State v. Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, ¶ 14.

**{¶ 18}** Given the nature of such a dispute, a review of the content of the transcripts of the trial court proceedings encompassing the waiver governs the determination of whether the waiver was knowing, voluntary, and intelligent. *Id.* at ¶ 15.

**{¶ 19}** As applied to this case, the transcript of the October 1, 2021 arraignment hearing shows that, following direct conversations with appellant, the public defender notified the court at the outset of the arraignment, "*Your honor, as a friend of the court, [appellant] would like to represent himself. The court can inquire further.*" (Emphasis added).

**{¶ 20}** The transcript shows that the trial court proceeded to describe to appellant, in considerable detail, the precise offenses pending against him, and the associated consequences related to possible convictions of those offenses.

**{¶ 21}** The trial court then offered to appellant, in relevant part "*So since you're looking at potential jail time, upon conviction, you have the right to an attorney. And if*

5.

*you can't afford an attorney, the court could appoint you the public defender. Did you want an attorney for your cases?*" (Emphasis added).

{¶ 22} Appellant replied, "*No * * * I understand your state laws, or whatever you call them, but I am not a part of that system. I am an American National.*"

{¶ 23} On December 6, 2021, the matter proceeded to a bench trial. The transcript reflects that appellant's position throughout the trial centered upon appellant's claim that, "*I am not a United States citizen * * * I am [an] American citizen * * * I am a citizen of the great state of Ohio. Which makes me a citizen of all states of this union.*" (Emphasis added).

{¶ 24} The transcript reflects that the trial court, while professionally navigating appellant's reiteration of his position of being unencumbered by Ohio's laws, again fully advised and offered appellant the right to counsel, and offered appellant another opportunity to exercise his right to counsel. Appellant again waived the right to counsel.

{¶ 25} The transcript reflects that the trial court again inquired of appellant, as regards the right to counsel, "*Since you are looking at potential jail time upon conviction, you do have a constitutional right to an attorney. And if you cannot afford an attorney, the court would be more than willing to assign you a public defender, an attorney without charge. If I understand correctly you wish to proceed without an attorney, is that correct?*"

{¶ 26} Appellant replied, "*Yes.*" (Emphasis added).

6.

{¶ 27} The trial court then reaffirmed, "*So you are waiving your right to an attorney, correct?*" (Emphasis added).

{¶ 28} Appellant replied, "*Yes*." (Emphasis added).

{¶ 29} Following appellant's waiver of the right to counsel, the trial court informed appellant that it was furnishing a public defender to appellant, on a non-appointed basis, to be present and available to assist appellant during the proceedings.

{¶ 30} The trial court conveyed, "*We [will] get a public defender here so that [appellant] can ask any procedural questions if he so desires. [The public defender] won't be appointed to you. And you don't need to use him for advice or for procedural questions but I want to have that opportunity for you*." (Emphasis added).

{¶ 31} Demonstrative of appellant's oft-stated position, appellant again conveyed, "*I'm not up under no obligations to get a [driver's] license. I'm a -- state citizen * * * The BMV don't own the roads * * * I am a private citizen of the State of Ohio * * * you haven't proven no case. I haven't signed no papers saying I will get a license or that I need a license * * * I rest my case*." (Emphasis added).

{¶ 32} We have conducted a de novo review of this matter. We find that the transcripts of the proceedings from below clearly reflect that appellant was afforded every opportunity to exercise his right to appointed counsel and that appellant repeatedly, unequivocally notified the trial court of his decision to waive counsel.

7.

**{¶ 33}** Accordingly, the record reflects that appellant knowingly, intelligently, and voluntarily waived the right to counsel.

**{¶ 34}** The record further reflects that the trial court nevertheless made legal counsel available to appellant, to assist appellant, if so desired by appellant, during the proceedings.

**{¶ 35}** Wherefore, based upon the forgoing, we find that the record reflects that appellant's waiver of counsel was in conformity with Crim.R. 44, and was not otherwise improper.

**{¶ 36}** Accordingly, appellant's assignment of error is found not well-taken. The judgment of the Toledo Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

8.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.