[Cite as *State v. Grimes*, 2024-Ohio-2609.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2023CA00132 |
| LATOYIA CHARISE GRIMES | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2022CR2300 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 8, 2024 |

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

VICKI L. DESANTIS
Appellate Division
Assistant Prosecuting Attorney
110 Central Plaza South, Suite #510
Canton, Ohio 44702-1413

For Defendant-Appellant

MARCUS SIDOTI
Friedman, Gilbert & Gerhardstein
50 Public Square, Suite #1900
Cleveland, Ohio 44113

*Hoffman, J.*

{¶1}   Defendant-appellant Latoyia Charise Grimes appeals her convictions and sentence entered by the Stark County Court of Common Pleas, on one count of trafficking in cocaine, one count of possession of cocaine, one count of possession of a fentanyl-related compound, and one count of trafficking in a fentanyl-related compound, following a jury trial.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On December 8, 2022, the Stark County Grand Jury indicted Appellant on one count of trafficking in cocaine, in violation of R.C. 2941.1410(A)(2)/(C)(4)(g), a felony of the first degree, with a major drug offender specification; one count of possession of cocaine, in violation of R.C. 2925.11(A)/(C)(4)(f), a felony of the first degree, with a major drug offender specification; one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A)/(C)(11)(d), a felony of the second degree; and one count of trafficking in a fentanyl-related compound, in violation of R.C. 2925.03(A)(2)/(C)(9)(e), a felony of the second degree.  Appellant appeared for arraignment on January 6, 2023, with Attorney Thomas Bauer, whom she had retained, and entered a plea of not guilty to the Indictment.

{¶3}   Despite being represented by counsel, Appellant filed a pro se Bill of Complaint in Equity Presentment to Void Proceedings and Admiralty Jurisdiction on February 6, 2023, which the trial court struck via Judgment Entry filed February 7, 2023. Thereafter, on April 5, 2023, Appellant filed a pro se Notice of Fiduciary Appointment. Via Judgment Entry filed April 6, 2023, the trial court struck the motion. The trial court noted Appellant had legal representation and ordered all motions to the court proceed through counsel. Appellant filed pro se Notices of Fiduciary Appointment on April 12, April 20, and

April 26, 2023.  The trial court denied/struck the filings and again ordered all motions proceed through legal counsel.  Attorney Bauer filed a motion to withdraw on April 25, 2023.

{¶4}   The trial court conducted a pre-trial hearing on April 26, 2023.  Attorney Bauer advised the trial court he had been notified Appellant no longer needed his services. Attorney Bauer added, "I've talked to her about other representation, but I believe that she wanted to represent herself." Transcript of April 26, 2023 Proceedings at p. 3.  When the trial court asked Appellant if she would be seeking different counsel, Appellant stated, "Not at this moment." *Id.* at p. 4. Based upon Appellant's pro se filings and her behavior during the pre-trial hearing, the trial court, on the record, ordered Appellant undergo a competency examination.  Appellant responded, "I do not agree to that. I am very capable. I do not agree to that." *Id.* at p. 7.  As the trial court concluded the hearing, Appellant countered, "I refuse. I refuse. * * * I refuse a competency test." *Id.* at p. 8.  The trial court allowed Attorney Bauer to withdraw and appointed Attorney Steven Reisch with the Public Defender's Office to represent Appellant.

{¶5}   The trial court scheduled a competency hearing for June 7, 2023, however, at the hearing, the trial court learned Appellant had failed to present for the competency evaluation.  The trial court ordered a second competency evaluation. Appellant asked if the evaluation was "mandatory," to which the trial court responded, "Yes." Transcript of June 7, 2023 Hearing at p. 4.  Appellant expressed her displeasure with Attorney Reisch, but the trial court refused to address appointed counsel until the competency evaluation was completed.

{¶6} At the competency hearing on August 7, 2023, the trial court advised the parties it would accept the findings in the evaluation conducted by Dr. Lynn Luna Jones, a forensic psychologist with Psycho-Diagnostic Clinic, and specifically Dr. Luna Jones' opinion Appellant "understands the nature and objective of the legal proceedings and is currently capable of assisting in her own defense." Transcript of August 7, 2023 Competency Hearing at p. 6. When the trial court asked Appellant if she "agree[d] with that," Appellant responded, "Yes." *Id.* The trial court scheduled the matter for trial on September 5, 2023. The trial court also set a pre-trial for August 16, 2023. Appellant again informed the trial court she wanted another attorney, explaining "me and this attorney that you threw at me are not seeing eye to eye * * * there's just a nasty unprofessionalism with Mr. Reisch concerning me and my case and I am upset today due to this man and his behavior." *Id.* at pp. 8-9. Upon conclusion of the hearing, the trial court instructed her to meet with Attorney Reisch or hire an attorney.

{¶7} At the August 16, 2023 pre-trial, Attorney Reisch informed the trial court Appellant refused to meet with him, adding he did not have the file and did not know anything about the case; therefore, he could not be prepared in time for trial. Attorney Reisch requested permission to withdraw as counsel. The trial court stated it would allow Attorney Reisch to withdraw and asked Appellant whether she intended to hire an attorney, represent herself, or have the court appoint new counsel. After some discussion, Appellant responded, "That's fine. I'll represent myself." Transcript of August 16, 2023 Hearing at p. 6. The trial court informed Appellant she would need to sign a waiver, but Appellant told the trial court she would not sign any waivers. When the trial court again asked Appellant if she wanted to represent herself or hire an attorney, Appellant

answered, "I'll, I'll continue looking to hire one.  I'll, I'll do that today." *Id.* at p. 8. Appellant reiterated she would hire an attorney, asserting she refused to be represented by a court appointed attorney.

{¶8}    Via Judgment Entry filed August 22, 2023, the trial court granted Attorney Reisch's motion to withdraw and appointed attorney Rick Pitinii to represent Appellant. Attorney Pitinii appeared with Appellant at the final pre-trial on August 30, 2023.  The trial court asked Appellant if she was willing to accept appointed counsel or if she wished to represent herself.  Appellant replied, "Your Honor, I wish to do neither, I just – I'm here by threat, duress and coercion, all I'm going to do is show up." Transcript of August 30, 2023 Hearing at p. 3. When the trial court pressed Appellant further, she continued to respond she was just going to "show up at court."  *Id.* at pp. 5-7.

{¶9}    The trial court engaged in an inquiry to determine whether Appellant was knowingly, intelligently, and voluntarily waiving her right to counsel.  At one point during the inquiry, Appellant proclaimed, "I never said I was representing myself, I just said I'm showing up to court as I'm scheduled to do." *Id.* at p. 11. Appellant repeated she did not wish to represent herself, but added she did not want Attorney Pitinii to represent her. The trial court replied, "Well he's going to represent you because I don't find that you've made a knowing and voluntary decision to waive counsel." *Id.* Attorney Pitinii indicated he would withdraw as counsel and advised Appellant she would be going to trial by herself. The trial court offered to have Attorney Pitinii serve as stand-by counsel. Appellant refused this option.

{¶10}  The following exchange occurred:

THE COURT: All right, Ms. Grimes, at this point the Court – I guess you're going to represent yourself on Monday [sic].

You don't want Mr. Pitinii, you didn't want the other counsel I appointed, you didn't want the counsel you hired, you got rid of him as well, you haven't hired the counsel that you've indicated multiple times that you want to.

So at this point you'll be representing yourself on Tuesday, is that what you want to do?

[APPELLANT]: I'll be here on Tuesday.

THE COURT: Okay.

MR. PITINII: That's not what she asked you.

THE COURT: Well, I think that by her actions she's demonstrating that she doesn't want an attorney. If she wants to sit silent, sit silent and just let the evidence proceed, that's your choice as well I suppose. This is your decision? I need a yes or a no?

[APPELLANT]: I'm sorry, I'll be at the court on the 5th.

THE COURT: Okay. And the trial is happening.

* *

THE COURT: Okay. And if you change your mind at any time, you can do that. Would you be willing to sign a written waiver of counsel?

[APPELLANT]: Of course not Your Honor.

* *

THE COURT: * * * All right, the Court does find based upon the totality of the circumstances that [Appellant] knowingly and voluntarily desires to waive representation by an attorney and represent herself.  The Court accepts the waiver of counsel at this time.

*Id.* at pp. 17-19.

**{¶11}**  The parties appeared for trial on September 5, 2023.  Prior to voir dire, the trial court summarized the history of Appellant's legal representation, then noted it had "inquired of [Appellant] multiple times whether or not she wished to retain counsel or have counsel appointed or represent herself."  Transcript of September 5, 2023 Trial, Vol. I, at p. 6.  The trial court continued, "So it's the Court's understanding, Ms. Grimes, that you will be representing yourself today.  Is that accurate?" *Id.*  Appellant answered, "It's not accurate. I, Latoyia Charise of the Grimes family, affirms that under the penalty of perjury and under the punishment of bearing false witness that I am not Latoyia Charise Grimes of the Social Security number ending in 7412." *Id.* at p. 7.  Appellant continued to state she would not participate and she was not the named defendant.

**{¶12}**  Thereafter, the trial court advised Appellant of the nature of the charges against her, the range of allowable punishments, and the possible defenses to the charges.  Appellant indicated she understood. The trial court spent a significant amount of time discussing the waiver of counsel and reminding Appellant of her right to counsel. The trial court offered Appellant additional time to hire an attorney.  When questioned for the final time as to whether she wished to be represented by an attorney, Appellant

replied, "I do not need an attorney because I am not the named Defendant." *Id.* at p. 23. Thereafter, the trial commenced.

{¶13} Appellant gave an opening statement and made closing arguments, during which she claimed she was not the named defendant and asserted the trial court was acting inappropriately and/or with improper motives. Appellant did not cross-examine any of the State's witnesses and did not present a defense. After hearing all the evidence and deliberating, the jury found Appellant guilty of one count of trafficking in cocaine with a major drug offender specification, one count of possession of cocaine with a major drug offender specification, one count of possession of a fentanyl-related compound, and one count of trafficking in a fentanyl-related compound. Appellant appeared for sentencing on September 11, 2023. The trial court imposed an aggregate mandatory minimum prison term of 11 years to a maximum prison term of 16 ½ years.

{¶14} It is from her convictions and sentence Appellant appeals, raising the following assignments of error:

I. APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL WAS COMPROMISED BECAUSE THE TRIAL COURT DID NOT CONDUCT A COMPETENCY HEARING AND THE RECORD DEMONSTRATES SUFFICIENT INDICIA OF INCOMPETENCY.

II. THE TRIAL COURT COMMITTED STRUCTURAL ERROR BECAUSE APPELLANT'S CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED BECAUSE APPELLANT DID NOT KNOWINGLY,

INTELLIGENTLY, AND VOLUNTARILY WAIVE HER RIGHT TO COUNSEL.

I

**{¶15}** In her first assignment of error, Appellant contends her Constitutional right to a fair trial was compromised because the trial court failed to conduct a competency hearing and the record demonstrates sufficient indicia of incompetency.

**{¶16}** "It has long been recognized that 'a person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *State v. Smith*, 89 Ohio St.3d 323, 329 (2000), quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975). "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." (Citation omitted.) *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). "It has long been accepted that a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope*, supra . Thus, "[c]onviction of an accused while he or she is legally incompetent is a violation of due process." *State v. Smith*, 2021-Ohio-2866 at ¶ 14 (4th Dist.), citing *State v. Merryman*, 2013-Ohio-4810, ¶ 14 (4th Dist.).

**{¶17}** "The United States Supreme Court established the test for competency and requires the court to determine if an accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.' " *Id.* at ¶ 15,

citing *State v. Lechner*, 2019-Ohio-4071, at ¶ 26 (4th Dist.), quoting *Dusky v. United States*, 362 U.S. 402 (1960). R.C. 2945.37(G) codifies the competency test and provides:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

**{¶18}** "[T]here is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory." *State v. Bock*, 28 Ohio St.3d 108, 109 (1986). However, a trial court's failure to hold a mandatory competency hearing is not a basis for automatic reversal. *Id.* at 110. Rather, "the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." *Id.*

**{¶19}** The trial court conducted what was scheduled to be a competency hearing on August 2, 2023. At the hearing, the prosecutor and Attorney Reisch informed the trial court they were in receipt of the competency report. The trial court asked if there was a stipulation to the report. The following discussion ensued:

MR. REISCH: Well Ms. Grimes has declined to come to my office for an interview with regard to [sic] she does not want my services, does not want me to represent her. She claims she is hiring an attorney but she will not tell me who that is or who that might be so that's where we're at.

THE COURT: Okay. Ms. Grimes, have you hired an attorney?

[APPELLANT]: no, ma'am, I was waiting until after this hearing to see which way that I want to go. If I do want to go to the Public Defender's Officer and – or if I want to hire another paid attorney again.

THE COURT: Okay.

[APPELLANT]: So I was just basically waiting, as I told Mr. Reisch, until after the hearing today.

THE COURT: Okay. So for today's purposes the Court's in receipt of that report authored -- and the Court will note that you did cooperate and go forward with that report, I have that.

I'm more comfortable now at this point with Dr. Luna Jones' opinion and that there's a stipulation as to that report, and the Court's going to mark that as Exhibit A, file it under seal, as is my ordinary procedure.

I will accept the findings in that evaluation, specifically the opinion of Dr. Jones that [Appellant] understands the nature and objective of the legal proceedings and is currently capable of assisting in her own defense.

Ms. Grimes do you agree with that?

[APPELLANT]: Yes.

THE COURT: Okay. So the Court's going to incorporate that evaluation into its findings and find [Appellant] is competent at this point to stand trial.

Transcript of August 2, 2023 Competency Hearing at pp. 4-6.

**{¶20}** Although the trial court asked the parties if they were stipulating to the competency report, and the trial court subsequently found there was a stipulation, we find no such stipulation is evident in the record. Appellant's agreement with the conclusion arrived at by Dr. Luna Jones in the competency report is not the same as a stipulation to the admission of the report itself. Without a formal stipulation, the trial court was required to conduct a mandatory hearing. However, we find the trial court's failure to conduct the hearing was harmless as the record does not reveal sufficient indicia of incompetency.

**{¶21}** Appellant submits "the record is replete with instances which, taken together, are more than sufficient to indicate incompetence." Brief of Appellant at p. 15. Appellant adds her "actions and statements consistently demonstrated a fundamental misunderstanding of legal roles and processes." *Id.* Appellant also posits her refusal or failure to effectively engage with counsel, her unrealistic legal expectations, approach to self-representation, and lack of participation at trial "accentuate her incompetence." We disagree.

**{¶22}** A defendant with mental illness or intellectual deficiencies may still be competent to stand trial. *Smith*, 2021-Ohio-2866 at ¶ 16 citing *Lechner*, 2019-Ohio-4071, at ¶ 27. "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic

and still be capable of understanding the charges against him and of assisting his counsel." (Citations and internal quotations omitted). *Smith* at ¶ 16.

**{¶23}** In her competency report, Dr. Luna Jones opined to a reasonable degree of psychological certainty Appellant currently understood the nature and objective of the legal proceedings against her. Dr. Luna Jones' opinion was based upon Appellant's ability to correctly identify courtroom personnel and their roles; her understanding of the charges against her, the seriousness of the charges, and the allegations upon which the charges were based; her understanding of basic legal concepts, the adversarial nature of the proceedings, and her plea options as well as her capacity to apply the information to her own case and make informed decisions with the advice of counsel; her ability to identify potential consequences should she be found guilty, understand the concept of plea bargaining, and consider possible outcomes for her case; and her capacity to learn information pertinent to her case.

**{¶24}** Dr. Luna Jones further opined to a reasonable degree of psychological certainty Appellant was capable of adequately assisting in her own defense. Dr. Luna Jones' opinion in this regard was based upon Appellant's motivation to work on a defense which would result in a favorable outcome; her identification of important details which she needed to discuss with her attorney in order to prepare an adequate defense; her ability to respond to questions in a relevant and coherent manner; her ability to aid her attorney in questing the veracity of witness testimony and in adequately testifying on her own behalf; her possession of adequate attention and concentration to follow and participate in court proceedings; and her ability to tolerate the stress of a trial and behave with appropriate courtroom decorum. Dr. Luna Jones noted, due to her antisocial

personality traits, Appellant may not choose to engage in appropriate behaviors, but such did not preclude her from understanding the subsequent consequences.

**{¶25}** The competency report clearly established Appellant was competent to stand trial. The discussions between the trial court and the three attorneys who represented Appellant during the course of the matter demonstrate Appellant made a conscious choice not to engage in appropriate behavior. Viewing all of Appellant's statements during the pre-trial proceedings in context, we cannot conclude there was sufficient indicia of incompetency.

**{¶26}** A trial court's finding a defendant is competent to stand trial will not be disturbed when there is some reliable and credible evidence supporting those findings. (Citations omitted.) *State v. Were*, 118 Ohio St.3d 448, ¶ 46 (2008). Deference on these issues should be given "to those who see and hear what goes on in the courtroom." (Citation omitted.) *Id.*

**{¶27}** The trial court's finding Appellant was competent to stand trial was based upon the detailed evaluation prepared by Dr. Luna Jones. Based upon our review, we find the record contains reliable and credible evidence to support the trial court's decision. We further find the record fails to reveal sufficient indicia of incompetency. Accordingly, we find the trial court did not violate Appellant's constitutional right to a fair trial.

**{¶28}** Appellant's first assignment of error is overruled.

II

**{¶29}** In her second assignment of error, Appellant asserts the trial court committed structural error by violating her constitutional right to counsel. Specifically,

Appellant maintains the trial court failed to comply with Crim. R. 44(C) to ensure she knowingly, intelligently, and voluntarily waived her right to counsel.  We disagree.

**{¶30}** "The Sixth Amendment to the United States Constitution provides that an accused shall have the right 'to have the Assistance of Counsel for his defense.' " *State v. Owens*, 2008-Ohio-4161, ¶ 9 (3rd Dist.), quoting U.S. Const., amend. VI. "Although a defendant has a right to counsel, the defendant may waive that right when the waiver is voluntary, knowing, and intelligent." (Internal quotations and citations omitted.) *Id.*  "[T]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." (Internal quotations and citations omitted.) *Id.*  "In order for the defendant's waiver of counsel to be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." (Internal quotations and citations omitted.)  *Id.* at ¶ 10. *Accord State v. Martin*, 103 Ohio St.3d 385, ¶ 40 (2004).

**{¶31}** Furthermore, "Crim.R. 44(A) provides that a criminal defendant charged with a serious offense is entitled to counsel 'unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.' " *State v. Schleiger*, 141 Ohio St.3d 67, ¶ 20 (2014), quoting Crim.R. 44(A). "And Crim.R. 44(C) provides that '[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Crim.R. 22. In addition, in serious offense cases the waiver shall be in writing.' " *Id.*, quoting Crim.R. 44(C).

**{¶32}** "[W]hen a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. If substantial compliance is demonstrated, then the failure to file a written waiver is harmless error." *Id.*, quoting *State v. Martin*, 103 Ohio St.3d 385, ¶ 39 (2004).

**{¶33}** We review the propriety of a defendant's waiver of his or her right to counsel de novo. *State v. Nelson*, 2016-Ohio-8064, ¶ 17 (1st Dist). Whether a defendant voluntarily, intelligently, and knowingly waived his right to counsel is "determined by the totality of circumstances." *State v. Hundley*, 162 Ohio St.3d 509, ¶ 103 (2020), quoting *State v. Moore*, 81 Ohio St.3d 22, 31 (1998). The determination "necessarily requires a thorough review of the record." *Id.*

**{¶34}** The waiver of one's right to counsel can be expressed or implied, however, courts should indulge every reasonable presumption against waiver. (Citation omitted.) *State v. Taylor*, 2013-Ohio-1300, ¶ 20 (3rd Dist.). A defendant's waiver of counsel can be implied from the circumstances of the case. *State v. Harris*, 132 Ohio App.3d 227, 234 (7th Dist. 1999). "[W]hen a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." (Citation omitted). *State v. Boone*, 108 Ohio App. 3d 233, 238 (1st Dist. 1995).

**{¶35}** Over the course of numerous pre-trial hearings, the trial court made extensive inquiry into whether Appellant intended to represent herself or obtain legal representation. Appellant was evasive with her responses. The one time she stated her intention to represent herself, she refused to sign a waiver of counsel. *See*, Tr. Aug. 26,

2023 Hearing at p. 7.  Appellant had no less than three (3) attorneys while the case was pending, yet not one met with her satisfaction.  The record reveals Appellant refused to cooperate with each of her attorneys, which led to each one moving to withdraw.  Despite her dissatisfaction with appointed counsel, Appellant failed to independently secure new counsel. Instead, she simply advised the trial court she would "show up" at court on the day of trial and "just. . . sit here." *See*, Tr. Aug. 30, 2023 Hearing at pp. 5-7.

**{¶36}** On the day of trial prior to bringing in the prospective jurors, the trial court stated its understanding Appellant would be representing herself.  Appellant responded, "It's not accurate." Trial Transcript at p. 7.  The trial court subsequently asked Appellant if she understood she was waiving her right to counsel. *Id.* at p. 15.  Appellant answered, "I never agreed to that.  I never – I did not agree to waive any rights, not at all." *Id.*  The trial court ultimately found Appellant was choosing to represent herself. *Id* at p. 16. Thereafter, the trial court offered Appellant additional time to secure counsel, but Appellant declined.

**{¶37}** Under the totality of the circumstances, we find Appellant voluntarily, intelligently, and knowingly waived her right to counsel. Appellant refused to take effective action to secure counsel. Her actions spoke louder than her words. We further find the trial court substantially complied with Crim.R. 44(A).

**{¶38}**  Appellant's second assignment of error is overruled.

**{¶39}**  The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur