[Cite as *State v. Owens*, 2026-Ohio-2376.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

STATE OF OHIO

    Plaintiff - Appellee

-vs-

JESSICA OWENS

    Defendant - Appellant

| |
|---|
| Case No. 2025-CA-00078 |
| <u>Opinion And Judgment Entry</u> |
| Appeal from the Licking County Municipal Court, Case No. 2025-TRC-03472 |
| Judgment:  Affirmed |
| Date of Judgment Entry: June 22, 2026 |

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: J. Michael King for Plaintiff-Appellee; Chris Brigdon, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}  Appellant Jessica Owens appeals the judgment of the Licking County Municipal Court, arguing that she did not validly waive her right to counsel. For the reasons that follow, we affirm.

*Facts & Procedural History*

{¶2}  On April 23, 2025, at approximately midnight, a witness observed a vehicle driving erratically, failing to maintain its lane, and repeatedly braking. The witness saw the vehicle drive onto a curb and heard a "pop" that sounded like a tire blowing out. The witness observed the driver, noted the vehicle's license plate number, and later identified

the driver at trial as Owens. Concerned that the driver was intoxicated, the witness called 911. The last location where she observed the vehicle was the Sheetz parking lot.

{¶3} At approximately 12:13 a.m., officers responded to the Sheetz gas station after receiving the report of a possible drunk driver. Upon arrival, officers observed a vehicle parked in the lot with the engine running and a blown tire. No one was inside the vehicle. Officers observed an open container of alcohol in the center console and noted that the front passenger-side tire was "torn to pieces."

{¶4} Officers then observed Owens, the registered owner of the vehicle, walking around the store while speaking on her cell phone. An officer testified that Owens had slurred speech, bloodshot eyes, a strong odor of alcohol, and appeared unsteady on her feet. Officers administered several field sobriety tests, which Owens performed poorly. Officers then placed Owens under arrest. Although she initially agreed to submit to a breath test, she later refused after arriving at the police department.

{¶5} Owens did not testify at trial. However, in her opening statement and closing argument, she asserted that her vehicle had experienced a mechanical issue and that she was not operating the vehicle while impaired.

{¶6} Owens was charged with operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, and displaying expired license plates or tags in violation of R.C. 4503.21(A), a minor misdemeanor.

{¶7} On April 23, 2025, Owens was arraigned, during which the trial judge informed Owens, "you have a right to an attorney, if you can't afford one, you can make an application for a court-appointed attorney." (Arraignment Transcript, p.2). Further, "the maximum penalty for expired tags is a $150.00 fine, the maximum for the OVI

offense is six months in jail, a $1075 fine, and a three-year license suspension. There's a mandatory minimum penalty of, uh, three days in jail or a three-day driver intervention program and a, uh, $565.00 fine and one-year license suspension." (Arraignment Transcript, p.2). The court asked Owens if she had any questions regarding the charges or penalties, and she responded that she did not.

**{¶8}** Owens pled guilty to the expired tags offense and not guilty to the OVI charge. The trial court accepted her guilty plea on the minor misdemeanor and again advised her, "if you need a court-appointed attorney, get that application filled out, ok?" Owens responded, "yes, sir." (Arraignment Transcript, p. 3).

**{¶9}** On April 24, 2025, Owens signed a form titled "Your Rights in Court" – advising her that she was required to complete a written application to obtain court-appointed counsel and outlining the penalties for a first-degree misdemeanor.

**{¶10}** Beginning on April 25, 2025, Owens filed numerous motions and pleadings in which she identified herself as proceeding "pro se" or as a "Pro Se Defendant." These filings include a motion to suppress evidence, discovery requests, supplemental memoranda, motion to supplement the record, motion for limited driving privileges, motion to continue, motion for sanctions, motion in limine, and a motion to compel discovery. Owens also filed a jury demand, exhibit list, witness list, and issued subpoenas on her own behalf.

**{¶11}** At a June pretrial hearing, the trial judge attempted to provide Owens with an application for court-appointed counsel, but Owens stated that she already had one. Owens represented herself during a suppression hearing held on July 23, 2025. At trial, she conducted extensive cross-examinations, subpoenaed and called witnesses, and presented opening statement and a closing argument.

**{¶12}** Before trial began, Owens and the trial judge signed a written waiver of counsel, which was filed with the clerk of courts. The waiver provided:

The Defendant appeared in open court this 13 day of October, 2025, and was advised by the Court as follows: 1. Of the nature of the charges pending against the Defendant. 2. That the Defendant has a right to an attorney and a right to a reasonable continuance in the proceedings to secure one, and pursuant to Ohio Criminal Rule 44, the right to have counsel assigned without cost to the Defendant, if the Defendant is unable because of a lack of funds to obtain one.

The Defendant was asked if he or she understood all these things, and satisfied this Court that he or she did, and that the Defendant wishes to waive the Defendant's Right to Counsel. The Defendant's signature below is evidence of this Waiver of His or Her Right to Counsel.

Therefore, I affix my signature below to attest that the foregoing procedure was observed, and the Defendant hereby waives his or her right to a privately retained or court-appointed attorney. (Signature of the trial judge).

I, the Defendant in this matter, do hereby declare by signing this document that I now voluntarily acknowledge and state that I <u>do not</u> want to be represented by an attorney in this case. (Signature of Owens).

**{¶13}** After the written waiver was executed, the trial judge asked, "Ms. Owens, do you understand you're waiving your right to an attorney today? I know we went over this but I want to, just for the record." (Trial Transcript, p.29). Owens responded, "yes, your

honor." During her opening statement, Owens again confirmed that she was "representing herself in this matter." (Trial Transcript, p. 36).

{¶14} The jury found Owens guilty of OVI in violation of R.C. 4511.19(A)(1)(a). The trial court sentenced her to thirty days in jail, with twenty-seven days suspended, imposed a one-year driver's license suspension, fines, court costs, and one year of probation. The trial court entered judgment on October 13, 2025.

{¶15} Owens appeals the October 13, 2025, judgment entry of the Licking County Municipal Court and assigns the following as error:

{¶16} "I.   THE TRIAL COURT ERRED BY ACCEPTING AN INADEQUATE WAIVER OF THE RIGHT TO COUNSEL, IN VIOLATION OF CRIMINAL RULE 44, THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I.

{¶17} In her sole assignment of error, Owens argues that her waiver of counsel was not knowingly, intelligently, and voluntarily made because the trial court failed to provide a sufficiently detailed advisement regarding the waiver of counsel, the nature of the charges, and the range of potential penalties and sanctions.

{¶18} The parties agreed that the charged OVI offense constitutes a petty offense under Criminal Rule 2(D). Criminal Rule 44 governs the assignment and waiver of counsel in such cases and provides that, "when a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel." Crim. R. 44(B). Further,

"waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." Crim.R. 44(C). Rule 22 similarly states, "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded ..."

**{¶19}** We review the propriety of a defendant's waiver of his or her right to counsel de novo. *State v. Grimes*, 2024-Ohio-2609, ¶ 33 (5th Dist.). "Whether a defendant voluntarily, intelligently, and knowingly waived his right to counsel is 'determined by the totality of the circumstances.'" *State v. Hundley*, 2020-Ohio-3775, ¶ 103, quoting *State v. Moore*, 81 Ohio St.3d 22, 31 (1998). "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 366 (1976). An intelligent waiver includes a discussion on the understanding of the nature of the charges and the range of allowable sentences or sanctions. *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948).

**{¶20}** The waiver of one's right to counsel can be express or implied from the circumstances of the case. *Grimes* at ¶ 34.

**{¶21}** Upon review of the totality of the circumstances, we conclude that Owens knowingly, intelligently, and voluntarily waived her right to counsel. The record reflects that the trial court advised Owens of her rights during arraignment, provided her with the "Your Rights in Court" form, conducted a colloquy prior to the start of the trial, and obtained a signed written waiver of counsel prior to trial. *State v. Rodeheaver*, 2023-Ohio-3283, ¶ 20 (5th Dist.); *State v. Goler*, 2015-Ohio-2562, ¶ 10 (5th Dist.); *City of Lakewood v. Lane*, 2017-Ohio-1039, ¶ 16 (8th Dist.); *State v. Smith*, 2022-Ohio-4424, ¶ 32 (6th Dist.). Although a written waiver was not required in this petty offense case, the written waiver further supports the validity of Owens' decision.

{¶22} Further, Owens repeatedly filed motions and documents indicating that she was proceeding pro se, and she participated pro se in a pretrial suppression hearing. Owens clearly and consistently articulated and expressed her desire to proceed without counsel.

{¶23} Additionally, despite the trial court's repeated attempts to get Owens to fill out the form required to obtain a court-appointed attorney, Owens refused to take effective action to obtain counsel. Thus, she waived her right to counsel by her conduct. *State v. Dahlin*, 2008-Ohio-4175, ¶ 42 (5th Dist.) (implied waiver of counsel by refusing to contact the public defender); *Grimes* at ¶ 35-37.

{¶24} Based on the foregoing, Owens' assignment of error is overruled.

{¶25} The judgment of the Licking County Municipal Court is affirmed.

{¶26} Costs to appellant Jessica Owens.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur